Hon. RUFUS P. RANNEY, | Hon. JOSEPH R. SWAN,
Hon. THOMAS W. BARTLEY, | Hon. WILLIAM KENNON.

---

PHINEAS FREEMAN, survivor, etc. *v.* LEVI RAWSON.

A mortgage of personal property, with possession, and a power of disposition reserved to the mortgagor, is fraudulent and void as against his other creditors.

If the power of disposition appear upon the face of the mortgage, or is fairly to be inferred from its provisions, it is the duty of the court so to declare it, without submitting the matter to the jury as a question of fact.

If it does not so appear, but is so understood or agreed by the parties at the time the mortgage is executed, it is equally void; and such understanding or agreement may be shown by parol evidence, and may be proved by the conduct of the parties in relation to the subject matter of the mortgage, and other circumstances, as in other cases.

In either case, when the fact is made to appear, the mortgage is fraudulent in law, irrespective of the intention of the parties.

Whatever may be the effect of the act of February 24, 1846 (Swan's Rev. Stat. 315), requiring such mortgages to be deposited with the township clerk, in rebutting the presumption of fraud arising from leaving the property in the possession of the mortgagor, it has no effect to validate those in which such power of disposition is retained.

MOTION for new trial. Reserved in Cuyahoga county.

The plaintiff sought to recover of the defendant damages for causing a store of goods, in the possession of Edward Rawson, a judgment debtor of the defendant, to be seized and sold upon execution.

The damages claimed was the amount of a note which, with a mortgage on the goods to secure it, Edward Rawson had given to the plaintiff before the recovery of the judgments.

The case was tried in the District Court, and the verdict being for the defendant, the plaintiff filed a motion for a new trial, on the grounds that the court misdirected the jury as to the law of the case, and that the verdict was against the law and the evidence.

The instructions given to the jury, and the material facts in the case, are set forth in the opinion of the court.

This motion was reserved for decision here.

*Tilden & Payne*, for plaintiff.

The Reporter finds no brief for plaintiff.

*Bishop, Backus* and *Noble*, for defendant.

I.   Did the court err in its charge to the jury ?

In this State, where there has been a mere retention of possession of the mortgaged property by the mortgagor, the rule of law has been uniform, or nearly so, as established in *Hombeck* v. *Vanmetre*, 9 Ohio Rep. 153.   " Where the vendor of goods retains possession of goods after sale, whether absolute or conditional, it is prima facie evidence of fraud, but the parties are permitted to show that the sale was still a bona fide sale."

But this has not been the rule of decision in this State, or any other, when the mortgagor still continues to use and enjoy the property as if no mortgage had been executed upon it.

This court ought to subject the claim of a mortgagee, who permits the mortgagor to use and enjoy the mortgaged chattel, to a most rigid scrutiny, and at least not *relax* any rule which has heretofore obtained in this and other States.   See 2 Kent's Com. (4th ed.) 532.

The points directly involved under this head are—

1st. Will an *understanding* between the parties to a chattel mortgage, at the time it is made, and which is not expressed in it, *that the mortgagor may use and dispose of the property mortgaged, as his own, render the mortgage fraudulent and void in law ?*

2d. *May the jury ascertain that understanding from the conduct of the parties, and the circumstances surrounding the transaction ?*

*First.* A secret *understanding* is as fatal, if not more so, than if the *privilege* had been secured by the *instrument* itself. Retaining possession merely, of the chattels mortgaged, is *prima facie* evidence of fraud in the original making of the deed, because it is evidence of a secret trust for the benefit of the mortgagor. 1 Smith's Leading Cases, pages 39, 40, *Twyne's case,* and note.

If such is the effect of merely retaining possession, why should not the secret understanding, which is evidenced by the conduct of the parties, have an equally fatal effect in rendering the mortgage void, as if written in it ? That it does have the same effect, is well settled by the authorities which we shall cite. That the mortgage is void when the power of sale and disposition is contained in it, we take to be too well settled, both in and out of this State, to be the subject of discussion here. *Myers* v. *Collins,* 16 Ohio Rep. 547. We ask the attention of the court to this case particularly.

*Second.* If such may be the inference, as that before named, in case of merely retaining possession, why not, if the circumstances and conduct of the parties warrant it, infer that, at the time of making the mortgage, there was a secret arrangement wholly inconsistent with the object of it, as if it appeared upon the face ? Such must be the inevitable effect. See *Griswold* v. *Shelden,* 4 Comstock 592 ; 1 Greenl. Ev., sec. 207 ; 6 Adolphus & Ellis 475 ; *Thompson* v. *Blanchard,* 4 Com. R. 309.

The following authorities sustain the charge of the court: *Robbins* v. *Parker,* 3 Metc. Rep. 119 ; *Somerville* v. *Horton,* 4 Yerg. 541 ; *Shurtleff* v. *Willard,* 19 Pick. 212 ; 1 Smith's

Leading Cases 69; *Swift et al.* v. *Thompson,* 9 Conn. Rep. 63; *Patton* v. *Smith,* 5 Conn. Rep. 196.

If the right of sale and disposition by the mortgagor, as owner, appears upon the face of the mortgage, then it is the province of the court to declare the mortgage fraudulent; but if the right does not so appear, but is one of evidence aside from the mortgage, then it becomes a question of fact for the jury. *Griswold* v. *Shelden,* 4 Comstock's Rep. 580—587; *Edgell* v. *Hart,* 13 Barb. 380; *Wood* v. *Lowry,* 17 Wend. 492.

A judgment creditor whose execution is levied, stands on similar ground with a bona fide purchaser, and has the same right to hold the property of his debtor. *Dipper & Gunton* v. *McLaughlin,* 2 Wend. Rep. 597.

In Indiana it is clearly the law, that any use of the property mortgaged by the mortgagor, inconsistent with the deed, renders it fraudulent *per se. Jordon* v. *Turner,* 3 Blackf. 309.

In Kentucky the conclusion is, in case of mortgages of personal property, that non-delivery is not a fraud in law. Yet it will, even before forfeiture, be competent evidence of fraud, in fact, for the jury. 1 Smith's Leading Cases 54; *McGowen* v. *Hay,* 5 Littell 239. Possession after forfeiture certainly may be evidence of fraud, and combined with other circumstances, or even alone, may be satisfactory to a jury. 1 Smith's Lead. Cases 54, and J. J. Marshall 223—227.

In Virginia, in the case of *Land* v. *Jeffries,* 5 Randolph 211, Green, J., says: " Possession *and use,* inconsistent with the terms and professed objects of the deed, makes the deed, *per se,* fraudulent and void; since it proves an *original fraudulent* intent in *making* the deed, and avoids it *ab initio.*" 1 Smith's Lead. Cases 49, 50. This applies to mortgages as well as absolute deeds. Ib.

The Virginia rule is the rule in the Federal courts. 1 Smith's Lead. Cases, pages 47 and 48, and cases there cited.

But we regard this case as substantially disposed of, in *Collins* v. *Myers,* 16 O. R. 547.

See also *O'Connell* v. *Cruise,* Handy's Superior Court (of Cincinnati) Rep., Vol. 1, No. 2, p. 167, in which it is held that

the mortgagor, remaining in possession of a store of goods, renders the mortgage void.

II.   The verdict was not against the testimony.

The circumstances and conduct of the parties were such as to justify the inference by the jury, that there was an understanding between the plaintiff and E. Rawson, when the mortgage was executed, that the mortgagor should still continue to use and dispose of the mortgaged property, as the owner.

The verdict of the jury ought to stand for another reason—because the defendant stands in the light of a creditor, $6000 of whose debt was contracted while the mortgagor was dealing with the mortgaged property, as aforesaid.   In such cases, the mortgagee must be postponed to the execution creditor, whose debt is thus contracted.   In law, the mortgagee is treated as having, by his conduct, caused the defendant to give the execution debtor credit.   1 Greenl. Ev., sec. 207 ; *Gregg* v. *Wells*, 10 Adolphus & Ellis 90 ; *Dennyer* v. *Seifer*, 6 Wend. 436 ; *Thompson* v. *Blanchard*, 4 Comstock 303 ; *Griswold* v. *Sheldon*, Ib. 580 ; *Hussey* v. *Hinton*, 4 Mass. 407.   See close of opinion of the court.   1 Cow. & Hill's Notes 200.

Again : The defendant is in the same condition of a bona fide purchaser, and is entitled to the same protection, and the plaintiff's mortgage is of no avail against either.   *Collins* v. *Myers*, 16 Ohio Rep. 554 ; *Griswold* v. *Sheldon*, 4 Comstock 589.

As to the effect of depositing the mortgage for record.   It has been maintained that the recording of the mortgage of the plaintiff is a substitute for change of possession, and will render the mortgage good even in this case.

That is not the design of the registry law.   The depositing of the mortgage in the recorder's office, merely enables the mortgagee to give evidence tending to sustain the mortgage, where he does not take possession, when it would be otherwise void.   It does not, of itself, rebut any of the presumptions of law derived from continued possession and exercise of acts of ownership over the property by the mortgagor.   17 Wend. 492—496 ; *Wood* v. *Lowry*, 4 Comstock 580.   And see also 3 Metc. 119, and 9

Conn. 63, before referred to ; they were all cases where the mortgages had been recorded.

RANNEY, J. Both the plaintiff and defendant were the creditors of one Edward Rawson, who, at the time to which this controversy relates, was the owner of a store of goods in the city of Cleveland, valued at about $15,000. On the 9th of March, 1853, being then indebted to the plaintiff in the sum of $519.29, he gave his promissory note, at 90 days, for the amount, secured by a mortgage upon these goods. Before the maturity of this note, the defendant recovered large judgments against Rawson, and proceeded to levy upon, and sell, all the goods included in the mortgage. The right of the plaintiff to recover depends upon the validity of his mortgage. It is claimed to be void as against the other creditors of the mortgagor, because he was permitted to remain in possession, and, with the assent of the mortgagee, to go on and sell the mortgaged property, and deal with it as his own, after the mortgage was executed. That he did in fact remain in possession, keep his store open, add to the stock, and retail the goods, down to the time the executions were levied, is not disputed. It is unnecessary to refer particularly to the evidence given, to show that this was done with the concurrence of the agents of the mortgagee. It is enough to say, that if the case was placed upon the proper ground in the instructions to the jury, it was such as fully satisfies us with the verdict given for the defendant. The court charged the jury, that while it was true, that a stipulation contained in a chattel mortgage, or fairly to be inferred from its provisions when taken in connection with the subject matter to which it related, allowing the mortgagor to sell or dispose of the mortgaged property as his own, would render it fraudulent and void as against his other creditors ; that, in the opinion of the court, no such power was given by the terms of this mortgage, nor could the same be fairly inferred from it. But if the jury should be satisfied, from all the circumstances surrounding the transaction, including the conduct of the parties or their agents at the time, and since the execution and delivery of the mortgage, that, at the time it was executed, it was under-

stood between them that the mortgagor should continue to exercise such power of disposition, the mortgage would be equally fraudulent and void as though the stipulation had been contained in it.

The courts of this State have never been embarrassed with the question, which has so much distracted those of some other States, as to the effect of leaving mortgaged property in the possession of the mortgagor.

In New York, particularly, the contest has been of long continuance, and of a character, as said by a learned author, not calculated " to elevate the dignity of the courts, or exalt the confidence of the community in the certainty of the law."

In this State, the uniform holding has been, that it is a badge of fraud, but not conclusive, and subject to be rebutted by evidence showing some good, honest and sufficient reason why the possession was not changed. *Hombeck* v. *Vanmetre*, 9 O. R. 153; *Collins* v. *Myers*, 16 O. R. 547. Without arrogating to ourselves the credit of having placed beyond the reach of criticism a question upon which learned judges have so essentially differed, we still think that the rule adopted recommends itself for its general convenience, and is better calculated than any other to attain the ends of justice. When viewed in the light of a court of equity, a mortgage is a mere security for the debt. The retention of possession, therefore, by the mortgagor, is not absolutely inconsistent with the nature and objects of the conveyance. But, while the right of the creditor to take such security is undoubted, he ought to be required to exercise it in such manner as not to injure others; and as all experience proves that men get credit upon what they possess and apparently own, and as such a conveyance gives the legal right to possession, he ought not to be permitted to expose creditors and purchasers to the hazards of fraud and deception, without giving some. good and substantial reason for leaving the property in the hands of the debtor.

Although the law will not conclusively presume a secret trust in favor of the mortgagor, from the fact that he is left in possession of the property; yet, where such a trust is established, it

inexorably stamps the transaction as fraudulent, and avoids the mortgage. As stated by Richardson, C. J., in *Coburn* v. *Pickering*, 3 N. H. Rep. 415: "Where the question is, was there a secret trust? it is a question of fact; but where the fact of a secret trust is admitted, or in any way established, the fraud is an inference of law, which a court is bound to pronounce." The mortgage must be precisely what it purports and professes to be, and must operate an absolute surrender of the property for the security of the mortgagee. The creditor has the right to secure himself, but he has no right to hold his lien upon the property, and stipulate for advantages to the mortgagor, to the prejudice of other creditors. He must deal with an eye single to his own indemnity, and with just deference to the rights of others; and every attempt to secure the use of the property, under cover of the mortgage, to the mortgagor, must be held to destroy it. Now, what possible arrangement could be more directly inconsistent with the nature and purposes of the conveyance, or could more palpably secure to the mortgagor all the beneficial uses of the property, than the power to use and dispose of it for his own benefit? It is simply and plainly saying that, as between the parties, the mortgagor's enjoyment of, and dominion over it, shall be no less than before; while it is put beyond the reach of other creditors.

The main proposition embraced in the instructions under consideration has been very clearly and satisfactorily settled in this State, by the case of *Collins* v. *Myers*, 16 O. R. 547. It was there held, that a mortgage of personal property, where the mortgagor retains possession of the property mortgaged, with the power of sale, is void as against subsequent purchasers and execution creditors. It is quite unnecessary to attempt to add to the reasons assigned for that decision; and we therefore content ourselves with saying, that we fully agree with the court that made it, that "such a mortgage is no certain security upon specific property; it all depends upon the honesty and good faith of the debtor; and as he might dispose of it to a creditor at will, to satisfy a debt, we see no reason why a creditor might not seize it against his will, for the same object." And that "to hold

such a mortgage valid, would enable a debtor to do business upon a capital, within the limits of the mortgage debt, at the will of the mortgagee;" and " would furnish a complete shelter under which a man could carry on trade for his own benefit, completely protected against the payment of his debts, and placed wholly beyond the reach of creditors." It is true, that the power of disposition in that case was inferred from the provisions of the mortgage. But we think no sound distinction, either upon principle or authority, can be taken between such a case, and one where the agreement or understanding exists outside of the mortgage, at the time it is executed. Indeed, to admit such a distinction, would be to divest the principle of all vitality, and furnish a perfectly easy and facile mode of evading it altogether.

The rule is adopted for the protection of creditors and purchasers; but what protection could it afford to them, if the same mischievous conduct was allowed, in pursuance of a parol arrangement, between the parties to the fraud?

The mortgage is attacked for fraud by persons not parties to it, and who are defrauded, and upon no principle can they be debarred from showing that the whole arrangement had that effect. 1 Greenl. Ev., sec. 284.

In *Worrall* v. *Smith*, 1·Camp. R. 332, the assignment was absolute, of the household furniture and stock in trade of a publican; and although a servant of the assignee was immediately put into the house, yet as the debtor was allowed to carry on the business as usual, Lord Ellenborough held the assignment fraudulent and void as against creditors.

In *Paget* v. *Perchard*, 1 Esp. R. 205, which was also an assignment of the furniture, liquors, etc., of the keeper of a public house, it appeared that the assignees had taken immediate possession, but had permitted the assignor, on the evening of the same day, to sell liquors in the usual way of her trade, and to receive the money, for which she had not. accounted. Lord Kenyon said, " the allowing her to execute acts of ownership, after having parted with all her property, by the bill of sale, was inconsistent with such situation, and a sufficient evidence of fraud as against bona fide executions;" and directed a nonsuit.

The mortgage, in *Robbins* v. *Parker*, 3 Met. R. 119, was of " all the hay, grain and produce" standing on the mortgagor's farm, at the time it was made. It contained no stipulation allowing the mortgagor to use or consume the property; but it was contended that the property, in its nature, was subject to be consumed in its use, and was intended to be so consumed by the mortgagor, and that the mortgage was, therefore, colorable and fraudulent as against creditors. Judge Wilde, after stating that such property might be mortgaged without imputation of fraud, provided it was not to be used, and could be kept without damage until the mortgage debt became payable, says: "But if the articles mortgaged are perishable, and cannot be so kept, *or if they are mortgaged under an agreement or understanding* that they may be used and consumed by the mortgagor (as the understanding of the parties seems to have been in the present case), then we think the transaction must be considered as collusive and fraudulent against creditors. No other reasonable inference from the conduct of the parties to the mortgage can be made. The mortgagor used and consumed the property in the same manner as he would have done if no mortgage had been made ; and this with the knowledge of the mortgagee, and without objection on his part."

In the case of *Dipper* v. *McLaughlin*, 2 Wend. R. 597, one Stephens had mortgaged his stock of goods, which were afterwards seized upon execution.

The court say: "Stephens' whole stock in trade was mortgaged, and the mortgagor was permitted to sell it without rendering any account. This state of things continued after the mortgage became forfeited, from 1st January, 1825, till August, 1827, without any possession taken, or accounting of the parties, or any knowledge of these circumstances by any one, except by one person who drew, and by another who witnessed, the mortgage.

"*A judgment creditor whose execution is levied, stands on similar ground with a bona fide purchaser,* and has the same right to hold the property of his debtor.

" To sanction a transaction like this, would open a door to frauds innumerable, and to an extent incalculable."

The case of *Wood* v. *Lowry,* 17 Wend. R. 492, was very similar in its circumstances, and the court held the mortgage void; remarking, that no mortgage or bill of sale was ever upheld under such circumstances, and that the judge would have been well warranted in instructing the jury that the transaction was fraudulent and void in law.

The last case in New York is that of *Griswold* v. *Sheldon,* 4 Com. R. 580, which was also a mortgage upon a stock of goods, left in the possesion of the mortgagor, and upon which he was permitted to deal; and although the members of the court differed very materially, upon several questions in the case, they were unanimous upon the only question material to the present inquiry. Chief Justice Bronson, who expressed the views of one half the court, was of the opinion that the mortgage, upon its face, allowed the mortgagor to deal with the property as though he were the owner; and added, that no one would pretend that such a mortgage could stand against creditors and purchasers. But he considers the question in another point of view, and says: " If the intention to allow Burdick" (the mortgagor) " to dispose of the mortgaged property cannot be gathered from the face of the deed, still the goods were left in his possession, and he was, in fact, allowed to deal with them as owner, and allowed to dispose of them as a merchant to his customers, from the date of the conveyance down to the time of the levy. Such a transaction the law always has, and I trust always will, pronounce a fraud upon creditors and purchasers.

" There would be no hope of maintaining honesty and fair dealing, if the court should allow a mortgagee and vendee to succeed in a claim to personal property, against *creditors and purchasers,* after he had not only left the property in the possession of the debtor, but had allowed him to deal with it as his own."

Mullett, J., in whose opinion the balance of the court concurred, admits that, if the mortgage " contained a provision allowing the mortgagor to retain possession of the goods, and sell

and dispose of them at pleasure, it would not be a mortgage, or create any lien on the property as against subsequent purchasers, and perhaps creditors; but no such provision appears on the face of the paper, *and if it required a resort to other evidence to prove it, the question became one of fact for the jury to decide.*"

From the considerations and authorities we have adduced, we are of opinion that these conclusions necessarily follow: That a mortgage of personal property, with possession, and a power of disposition reserved to the mortgagor, is fraudulent and void as against his other creditors. If the power of disposition appear upon the face of the mortgage, or is fairly to be inferred from its provisions, it is the duty of the court so to declare it, without submitting the matter to the jury as a question of fact. If it does not so appear, but is so understood or agreed by the parties at the time the mortgage is executed, it is equally void; and such understanding or agreement may be shown by parol evidence, and may be proved by the conduct of the parties in relation to the subject matter of the mortgage, and other circumstances, as in other cases. And that in either case, where the fact is made to appear, the mortgage is fraudulent in law, irrespective of the intention of the parties.

Our attention has been called to the act of Feb. 24, 1846, requiring such mortgages to be deposited with the township clerk. It is only necessary now to say, that whatever may be the effect of that act in rebutting the presumption of fraud arising from leaving the property in the possession of the mortgagor (upon which a variety of opinions will be found to exist), it has no effect to validate those in which such power of disposition is retained.

*The motion for a new trial must be overruled, and judgment entered on the verdict.*