BsiNKEitHOEF, C.J., and Scott, J.,
dissenting:
We are unable to concur with our brethren in the judgment pronounced in this case. A power given to the mortgagor by the terms of a mortgage, or by the outside agreement of the parties, to control and dispose of the mortgaged property at his pleasure, and on his own account, is inconsistent with the existence of a lien thereon, in favor of the mortgagee. If the mortgagor has the power, as against the mortgagee, to apply the property in satisfaction of the claims of his general creditors, it is liable to levy and sale on execution at their suit. Such is the settled law of this state where the parties are natural persons; and the same principle and policy must *532 govern in the case of corporations. Freeman v. Rawson, 5 Ohio St. Rep. 1; Collins v. Myers, 16 Ohio Rep. 547.
In this case we are of opinion, that five of the six mortgages set out in the pleadings, do, in terms, reserve, for the railroad company, such power of' control and disposition over property of the kind here levied on, as must exclude it from the operation of the mortgages; and that, as against all the mortgages, the evidence tended to show the open exercise, from time to time, of such a power by the mortgagor, with the acquiescence of the mortgagees. We think, therefore, that the court below erred in holding that the lien of the mortgagees depended solely upon the conditional fact stated in the charge to the jury; and that the judgment of that court should, therefore, be wholly reversed, and a new trial awarded.