Scott, J.
The only question in this ease is, whether the possession and power of disposition reserved to the mortgagor by the terms of the mortgage, necessarily render it fraudulent and void as against his other creditors.
On behalf of plaintiffs in error, it is claimed that the cases of Collins and McElroy v. Myers, 16 Ohio, 547; Freeman v. Rawson, 5 Ohio St. 1, and Harman v. Alley, 7 Ohio St. 218, have settled the answer to this question in the affirmative.
We fully recognize the authority of those cases, and are *116 not disposed to question the soundness of the principle which they establish.
But in ascertaining the principle upon which they rest, we must keep in view the state of facts to which it is applied in those cases, and limit the generality of the language accordingly. In each of those cases the terms of the mortgage were suck as to reserve to the mortgagor the right to sell the mortgaged property on his own account. In the first case, the mortgagor retained possession of the stock of goods mortgaged, “ for the ordinary purposes of barter and sale,” with the full right to use the proceeds of sales, for any purpose whatever, at his own discretion, until condition broken. So in the second case, where goods, valued at $15,000, were mortgaged to secure a debt of $519, and the mortgagor “was permitted to remain in possession, and with the assent of the mortgagee, to go on and sell the mortgaged property, and deal with it as his own, after the mortgage was executed,” the court held the mortgage void, because “ all the beneficial uses of the property, the power to use and dispose of it for his own benefit,” were retained by the mortgagor. And it was said there, as in the former case of Collins v. Myers, that as the mortgagor “ might dispose of the property to a creditor at will, to satisfy a debt, we see no reason why a creditor might not seize it against his will, for the same object.” In the case of Harman v. Abbey, as well as in that of Collins v. Myers, it was attempted to mortgage “ a floating stock of goods,” the mortgagor being permitted in each case to sell on his own account and to replenish the stock, with an agreement that the mortgage lien should attacii to and cover all subsequent additions to the stock. This was held to be inconsistent with the idea of “ a certain security upon specific property.” In this last case of Harmam v. Abbey, the mortgagor was allowed, by the terms of the mortgage, to continue selling the goods at retail, and the only restriction upon his power to dispose of the proceeds at his pleasure was, that he was “not to withdraw any portion thereof from the business, beyond the amount of necessary expenses.” This arrangement evidently contemplated that *117 creditors who had become or might become such in the course of “ the business” might be paid from the proceeds of sales, at the pleasure of the mortgagor.
When it is said, therefore, in those cases, that a mortgage of personal property, with possession aud a power of disposition reserved to the mortgagor, is fraudulent and void as against his other creditors, we are to understand this as referring to a power of disposition for the mortgagor's own benefit. It is only where the power of sale is such as to leave in the mortgagor a dominion over the property, inconsistent with the alleged lien of the mortgage, that the latter has been held per se fraudulent and void. In none of these cases was it necessary to go further; and this is the extent of the authorities cited in their support.
But in the present case no power of disposition for his own benefit was left in the mortgagor. So far from permitting him to exercise the rights incident to absolute ownership, the terms of the mortgage allow him to sell the property only in the usual retail way, and require him to “pay over the m-oney received therefor to the mortgagees as the goods are sold.” The fact that the goods may be thus sold for the sole benefit of the mortgagees, and the proceeds applied in discharge of the mortgage debt, is entirely consistent with the idea of a lien upon the goods for the security of the mortgagees. And the fact that the proceeds cannot be applied otherwise, at the pleasure of the mortgagor, is inconsistent with the idea of his absolute ownership.
That the mortgagor should thus act as the agent of the mortgagees in selling the goods, for their benefit, is not necessarily in fraud of the rights of other creditors, and, if the transaction is bona fide, it is difficult to see why it should not be upheld. Such an arrangement raises only a question of good faith, to be determined by the jury in the light of all the evidence,. and is not per se fraudulent. Ford v. Williams, 24 N. Y. R. 359; Miller v. Lockwood, 32 N. Y. R. 293; 1 Parsons on Contracts, 571.
A majority of the court think the judgment below rnust be affirmed.
*118 White and Day, JJ., concurred.
Brinkerhoee, C.J., and Welch, J., dissented.