(Clark County, Ohio, Probate Court.)

MARY FORD v. J. J. MILLER, AS-SIGNEE.

---

(1). Where it is a part of the mortgage contract that the mortgagor is to remain in possession and sell, and there is no agreement to account for the proceeds, the mortgage is per se fraudulent and void as to other creditors.

(2). But where the mortgagor remains in possession merely by sufferance and sells, the mortgage is not per se fraudulent.

(3). Possession and exercise of power of sale, without an agreement to account, with the knowledge of the mortgagor, raises a presumption that the mortgage is fraudulent.

(4). But this presumption may be overcome by showing the good faith of the parties and that no actual injury resulted to other creditors thereby.

---

ROCKEL, J.

In 1894, George Ford was the owner of real estate to the value of $3000.00. Thereafter this was mortgaged for $2000.00, with which the said George Ford opened a retail shoe store, under the name of Ford & Brice. Mr. Brice had no interest in the store other than being an employe. The creditors were so informed.

On July 1895, George Ford sold his real estate for $3000.00, paid the mortgaged indebtedness, gave $800.00 to May Ford, his wife, and used the balance in the business of Ford & Brice.

This $800.00 was given to Mrs. Ford as her interest in the real estate, and by her deposited in the bank in her own name.

At this time the store of Ford & Brice invoiced over $3000.00, and the liabilities were $500.00 or $600.00. The business was not prosperous, and at different times George Ford borrowed money from his wife to put in the business until the entire amount was exhausted.

Mrs. Ford became solicitous about her money, and on a number of occasions demanded that she be secured.

On July 11, 1896, Ford, Brice and Mrs. Ford met in the office of Mr. Burnham, an Attorney, and there a paper was drawn up reciting the fact that Brice had no interest in the concern, but if he had any

it was assigned and transferred to Mr. Ford.

A chattel mortgage was then made in the usual form to Mrs. Ford securing her claim of $800.00, which was delivered to the Recorder of this county at 4:20 o'clock P. M. of the same day. Some time after the execution of this chattel mortgage, Ford executed a deed of assignment to J. J. Miller, Esq., which was delivered to the probate judge at 9 o'clock P. M. of the same day. Thereupon the assignee appeared at the place of business, and took possession of the store. Goods were sold after the execution of the mortgage until the assignee took possession in the usual retail way.

There was no agreement, either written in the mortgage or otherwise, that Ford should retail or sell any of the goods. Mrs. Ford was at the store almost all the time after her mortgage was given until the assignee took possession.

The money received for goods sold, after some help was paid was taken by her; but she never took formal possession under her chattel mortgage.

The property assigned was appraised at $2500.00, and schedule filed showed liabilities amounting to $2400.00.

It is claimed by some of the general creditors that where a mortgagee permits the mortgagor to remain in possession, and sell the mortgaged goods, without an agreement to account for the proceeds, that the mortgage as against creditors is per se fraudulent and void.

When it is a part of the contract that the mortgagor is to remain in possession and sell, and there is no agreement to account for the proceeds, I have no doubt the mortgage is per se fraudulent. But where such things are done by the mortgagor, not under contract. but merely by sufferance, I am of the opinion that the mortgage is not per se fraudulent.

Such conduct of the parties will raise a presumption that the mortgage is fraudulent, but this presumption may be overcome by showing the good faith of the parties, and that no actual injury resulted to creditors thereby.

In Freeman v. Rawson, 5 Ohio St., 12, it is said: "From the considerations and authorities we have adduced. we are of the opinion that these conclusions necessarily follow:

That a mortgage of personal property, with possession, and a power of disposition reserved to the mortgagor, is fraudulent and void as against his other creditors. If the power of disposition appear on the face of the mortgage, as fairly to be inferred from its provisions, it is the duty of the court so to declare it, without submitting the matter to the jury as a question of fact. If it does not so appear, but is understood or agreed by the parties at the time the mortgage is executed, it is equally void; and such understanding or agreement may be shown by

parol evidence, and may be proved by conduct of the parties in relation to the subject matter of the mortgage, and other circumstances as in other cases. And that, in either case, where the fact is made to appear, the mortgage is fraudulent in law, irrespective of the intention of the parties."

It should be observed that here the court bases its conclusion upon the fact that the power of disposition was a part of the mortgage contract either inserted in the mortgage or otherwise understood between the parties. It does not apply to after contracts or conduct, except so far as the same might throw light upon the mortgage contract. In the case at bar there is no evidence to show that possession with power of disposition, was reserved to the grantor, at the time the mortgage was executed. Again in Kleine v. Katzenberger, 20 Ohio St., 117, after an examination of all the Ohio cases it is said: Where it is said therefore, that a mortgage of personal property, with possession and a power of disposition reserved to grantor, is fraudulent and void as against his other creditors, we are to understand this as referring to a power of disposition for the mortgagor's own benefit. It is only where the power of sale is such as to leave in the mortgagor a dominion over the property, inconsistent with the alleged lien of the mortgage, that the mortgage has been held per se fraudulent and void. In none of these cases was it necessary to go further; and this is the extent of the authorities cited in their support."

It will be noticed here that the court calls particular attention to the fact that the power of disposition for the mortgagor's own benefit was the reason for holding the mortgage fraudulent, and also that the power of sale leaves such dominion over the property, that a lien could not be held consistent therewith.

In the case at bar there was no agreement that the mortgagor should sell the goods for his own benefit, nor did he even attempt so to do.

The recent cases of Fransisco v. Ryan, 35 Bull., 301, and Brubaker v. Brubaker, 37 Bull., 38, have been cited. An examination of them discloses merely a new application of the rule laid down in the former Ohio cases.

Having arrived at the conclusion that the mortgage in question is not per se fraudulent, it will next be in order to consider whether it is in fact fraudulent and void as to the general creditors.

The evidence does not disclose very clearly, whether it was really the intention of the mortgagor to deliver possession to the mortgagee. It does however show that the mortgagee was at the place of business, almost continually from the time the mortgage was executed until the assignee took possession, and that while there was no agreement to account

for the proceeds, yet she took possession of all the money received, except what was paid to the hired help. In the case of Stevens v. Breen, 75 Wis. 599, it is said: "It is claimed that the mortgage, even if given to secure a subsisting indebtedness due the plaintiff, was fraudulent because he did not take immediate possession of the mortgaged stock. The mortgage was executed on the 5th of October, 1888. And the debt became due the next day, which was Saturday. It appears that the mortgagor continued in possession of the goods until the next Monday morning.

"It is said he continued to sell goods from the stock, and applied the proceeds to his own use. The fact that he made such sales, and did not account for them is not very clearly established. Suppose he did. The jury found that there was no understanding or agreement between the plaintiff and the mortgagor that the latter should remain in possession of the goods, make sales and apply the proceeds to his own use."

In the case at bar the sale of goods only lasted from 4:20 to 9 P. M., the mortgagor to the proceeds, and the possession of the mortgagee, if it existed at all, was only by sufferance, and not by agreement.

In Chicago Lumber Co. v. Fisher (Neb. 1885), 25 N. W., 341, in which an Ohio case is quoted from, it is said: "It is not the specific sale of a few articles of inconsiderable value with the consent of the mortgagor that makes a mortgage fraudulent: but where such sales are made in the usual course of trade, where there is a floating mortgage which attaches, swells, and contracts as the stock in trade changes, increases, or diminishes, or may wholly expire by the entire sale and disposition, at the will of the mortgagor, such is no certain security upon specific property. * * *

"In such case the whole right to dispose of the property to pay a debt depends on the will of the debtor. Collins v. Myers, 16 Ohio, 554."

In the case under consideration the number of articles sold could not be many or of very great value. What would be disposed of in a small retail shoe store in the dull season of the year from 4:20 to 9 P.M.? There is no evidence that any creditor suffered any injury by reason of the conduct of the parties in continuing the business from 4:20 to 9 P. M. No attempts were made, to incur new obligations, or pay old ones other than the mortgage indebtedness and preferred labor claim. It is difficult to discover sufficient wrong to establish fraud from the conduct of the parties after the execution of the mortgage. And it is not seriously contended that the conduct of the parties before and in the execution of the mortgage was such as would make the mortgage fraudulent and void as to other creditors.

An entry may therefore be put on ordering the assignee out of the proceeds in his hands to pay the said mortgage claim of Mrs. Ford.

M. T. Burnham, for Mrs. Ford.
Oscar T. Martin, for creditor.