(Hamilton County Court of Insolvency.)

### IN RE ASSIGNMENT OF MARY F. BRAMMER.

---

*A chattel mortgage on stock in trade executed on the sale of a going business.*

A chattel mortgage executed to secure the balance of the purchase money for a going business, and covering not only the fixtures and store, but also the stock of goods and merchandise in such business, where it appears from the circumstances that the mortgagor should have the right to sell the stock in carrying on the business without being obliged to account to the mortgagee for the proceeds, is void as against creditors of the mortgagor so far as it relates to such stock in trade.

(Decided July, 1895.)

---

McNEILL, J.

On April 10, 1895, —— Drees sold to Mary F. Brammer a grocery store on the corner of Lincoln and Park avenues, Walnut Hills. The grocery so sold was a going concern. Mrs. Brammer paid part cash, and for the balance of the purchase money gave her note at three months, secured by chattel mortgage on the stock and fixtures of the grocery store, etc. On July 10, 1895, being about the time the note came due, Mrs.

Brammer made an assignment for the benefit of her creditors. Mr. Drees now seeks to have the mortgage declared a first lien on the property therein described. This is resisted by the assignee, who claims that the mortgage is void for the reason that at the time of the giving of the mortgage it was understood between the parties that the mortgagor should have the right to sell the stock mortgaged, and not account to the mortgagee for the proceeds.

As to whether there was a distinct agreement between the parties that the mortgagor should have the right to sell, the evidence is conflicting; but the fact is unquestioned that the grocery was sold and bought as a going concern, and the purpose of Mrs. Brammer in purchasing was to conduct it without objection on the part of the mortgagee. So that the circumstances surrounding the case clearly show that it was the intent of the parties that Mrs. Brammer should be allowed to sell the stock without being required to account to the mortgagee for the proceeds.

I think this case comes fairly within the rule laid down by our Supreme Court in Collins v. Myers, 16 Ohio, 547, followed in Freeman v. Rawson, 5 Ohio St. 1, and Harmon v. Abbey, 7 Ohio St. 218, and that the mortgage is void as against creditors in so far as the same relates to the stock in trade. The mortgage covers other property, such as fixtures, store, etc., as to which it is clear that no power of disposition was reserved to the mortgagor. I can see no good reason why the mortgage should not be sustained as to this property, as it is separate and distinct from the stock in trade. A decree may therefore be taken declaring the mortgage void as to the stock in trade, but sustaining it in so far as it relates to the other personal property.

C. L. Dengler, for Drees.

F. S. Starkey and G. K. Moore, for J. G. Hudson, assignee.