Shauck, J.
The record shows that in the trial court much consideration was given to questions of law and fact supposed to be material to the determination of the relative rights of the mortgagee and the-surviving partner in the chattels of the late firm. In orderly inquiry it seems that first consideration should be given to questions which must determine-whether either of them had any rights therein. There is no merit in the claim of Mrs. Gerding that she had acquired possession of the chattels after the dissolution of the firm and before the commencement of this, action. Her petition alleges the possession of the-surviving partner, and that had continued without change from the dissolution of the firm. Assuming in her favor all that can be claimed from the record, she took a mortgage executed by the individual mem *249 bers of a firm when it was involved in indebtedness, the mortgage embracing all of the chattels which it used in the transaction of its business. The chattels were left in its possession for sale and for the general conduct of the business in which it had been engaged, and the mortgage was given to secure the note of one of the members, which in fact and law represented only his individual indebtedness. That the mortgage is void as to creditors, because of the power in the mortgagors to sell the chattels described, is established by numerous cases. Collins v. Myers et al., 16 Ohio, 547; Freeman, etc., v. Rawson, 5 Ohio St., 1; Harmon v. Abbey, 7 Ohio St., 218. It is elementary that a surviving partner is entitled to the possession of all the assets of the partnership for the purpose of devoting them to the discharge of its liabilities. Although with respect to a surplus which may remain after these liabilities are discharged he is a debtor of the deceased partner’s executor; until their demands are satisfied he holds the assets as a trustee for the partnership creditors. Gray v. Kerr, 46 Ohio St., 652. These indisputable propositions are sufficient to determine the case, for, assuming that the mortgage was effective to devote the individual interests of both partners in what might remain of the assets after the payment of the debts to the payment of the note described, being void as to creditors, it was. ineffectual to defeat the possessory right of Enck as the trustee of the partnership creditors. At thé commencement of the action the possession of the chattels, was rightfully in the surviving partner for the purpose indicated, and upon the appointment of the receiver such possession passed rightfully te him. Whether anything may remain to any of the parties to the mortgage can be determined conclusively only *250 after administration by the receiver. But that result seems so improbable that we do not consider the questions which engaged the attention of the trial court.
The judgments of the circuit and common pleas courts should be reversed, the original petition dismissed, and the cause should be remanded to the court of common pleas for administration by the receiver of all the assets of the partnership.

Judgment accordingly.

Burket, C. J., Spear, Davis and Crew, JJ., concur.