## CHRISTIAN BATTENHAUSEN ET AL.

### v.

## JOHN M. BULLOCK.

1. ANSWER IN CHANCERY—OBJECTION AS TO PARTIES.—An answer in chancery, when not sworn to, performs the office of a mere pleading. The fact that there are other parties to a suit who should be joined, cannot be

brought to the notice of the court by a mere averment in an offer to amend an answer unsupported by evidence.

2. MORTGAGE—AMOUNT OF INDEBTEDNESS NOT DISCLOSED IN.— Whether the record of a mortgage which fails to disclose the amount of the debt secured, is no notice of an incumbrance to a subsequent *bona fide* purchaser of the land for value, is not decided; the record in this case failing to show that appellant was a *bona fide* purchaser.

3. PRACTICE—OBJECTION BY APPELLEE.—An appellee cannot in this court raise the objection that no sufficient foundation was laid for the admission of a copy of record admitted in evidence, without assigning a cross-error for that purpose.

4. RELEASE OF MORTGAGE—PRESUMPTIONS.—A release of a trust deed executed and acknowledged in due form of law, by the party authorized to make it, is *prima facie* valid; but it may be proved to have been made by accident, mistake or fraud. There must be evidence tending to show that it was unauthorized, and the mere fact that the debt is outstanding and unpaid at the time the release is executed, cannot of itself alone be regarded as presumptive evidence of fraud, or as tending to establish accident or mistake.

APPEAL from the Circuit Court of Cook county; the Hon. M. F. TULEY, Judge, presiding. Opinion filed February 8, 1881.

On the 11th day of June, 1872, Eben F. Runyan, being the owner in fee of certain lands in Cook county, executed a deed of trust thereon to one John R. Bullock, as trustee, purporting to secure a promissory note bearing even date therewith, payable to the order of John M. Bullock, five years after date, with interest at the rate of ten per cent. per annum, payable semi-annually. Neither the amount of the note, nor of the indebtedness thereby secured, was anywhere stated in the deed of trust ; the description of the note in said deed being in the following words : " Whereas, said Eben F. Runyan has made a promissory note bearing date the 11th day of June, A. D. 1872, payable to the order of John M. Bullock, five years after date, with interest at the rate of ten per cent. per annum, payable semi-annually; now, therefore," etc. On the 21st day of June, 1872, said deed of trust was filed for record in the office of the recorder of Cook county, and duly recorded.

It appears that sometime after the execution of said deed of trust, but at what precise date the evidence fails to show, Christian Battenhausen obtained the title to said land from

said Runyan. On the 12th day of September, 1874, and after Battenhausen obtained title, there was recorded in the office of the recorder of said county, a paper purporting to be a release of said deed of trust, under seal, bearing date September 7, 1874, executed by said John R. Bullock, as trustee, to said Runyan, and acknowledged in the same manner in which deeds for the conveyance of lands are required by law to be acknowledged.

On the 30th day of August, 1877, said John M. Bullock filed his bill in chancery against said Runyan, Battenhausen, John R. Bullock and others, alleging the execution by Runyan to him of a promissory note for $6,000, dated June 11th, 1872, due five years after date, with interest at the rate of ten per cent. per annum, payable semi-annually, and containing in the body of it a memorandum that said note was secured by a trust deed to John R. Bullock ; and also alleging the execution of the deed of trust above described to secure said note.

The bill further alleges that on examination of the records of Cook county in relation to the title of the lands described in said deed of trust, the complainant had then recently learned for the first time that there appeared among said records what purported to be a release of said deed of trust executed by the trustee to said Runyan ; that the complainant never authorized, empowered, or in any manner directed said John R. Bullock to discharge said deed of trust, or to execute said release, and had never ratified or sanctioned the same ; that said trustee never executed or delivered said release, but that it was a forgery ; or if said trustee ever signed and acknowledged said instrument, he did so through some fraudulent representation or device of said Runyan, without knowing its contents, and supposing it to be an instrument of a different import and character.

It is further alleged that said Battenhausen, and certain other defendants named in the bill, have or claim some interest in said premises described in said deed of trust, or some part thereof, as purchaser, mortgagee, or otherwise, which interest, if any, accrued subsequent to the lien of said deed of trust; also, that, with the exception of certain payments

which had been indorsed on said note, said indebtedness is unpaid, there being at the time of filing said bill, of principal and interest, $7,300, or thereabouts, due and unpaid thereon. The bill prays for a decree setting aside said release, and declaring the same to be null and void as against the complainant, and for a foreclosure of said deed of trust and a sale of the lands thereby conveyed to pay the amount remaining due on said note.

Defendant Battenhausen answered without oath, his answer under oath being waived in the bill, disclaiming any knowledge of the execution by Runyan of said note and deed of trust, and requiring proof of the same, and alleging that on the 16th day of June, 1874, said Runyan, for a consideration of $20,000, conveyed said land to him by a warranty deed with full covenants of warranty, and among them a covenant that said land was clear of all incumbrance; that of said purchase-money he paid said Runyan in cash $4,100, and for the balance gave him his promissory notes secured by mortgage on said land, said deed and mortgage being both recorded on said 16th day of June, 1874; that before paying any of said notes, said Battenhausen caused the title to said lands to be investigated, and found that there had been on record a deed of trust on said lands in favor of John M. Bullock, but that said deed of trust was duly released of record, and that after ascertaining that fact he made various payments on said notes to Runyan. The answer alleges and insists upon the validity of said release, and claims that thereby the lien of said deed of trust was discharged.

During the hearing of the cause on bill, answer, replication and proofs, defendant Battenhausen, for the purpose of showing that there were other parties interested in the litigation who had not been made parties defendant, asked leave to amend his answer so as to allege that, prior to the filing of the bill, the notes and mortgage given by him to Runyan for a part of the purchase of said lands, were assigned by Runyan for a good and valuable consideration, to Eichberg Brothers, of Champaign, Ill., and that they thereby became and ever since had been the owners and holders thereof ; but the court

refused to allow such amendment, to which ruling the defendant excepted.

On the hearing the complainant read in evidence the note and deed of trust, and without introducing any further evidence, rested his case. Defendant Battenhausen thereupon— after introducing evidence tending to lay a proper foundation for the introduction of a certified copy of the record of the release—was permitted by the court to read such certified copy in evidence. The following facts were then admitted by stipulation, viz: that after the execution of the deed of trust, and before the paper purporting to be a release was made or filed for record, said Battenhausen obtained the title to the lands described in the deed of trust from said Runyan; also, that the said note and deed of trust and the indebtedness thereby secured, had not been paid; the foregoing being all the evidence introduced by either party.

On the foregoing pleadings and evidence, the court entered a decree setting aside said release as fraudulent and void as to the complainant, and restoring said deed of trust to the records of said county, to have the same force and effect as though said release had never been executed or recorded, and also finding the amount of the indebtedness secured by said deed of trust remaining unpaid to be $8,835, and decreeing the foreclosure of said deed of trust, and the sale of said lands for the satisfaction of said indebtedness. From this decree said Battenhausen has appealed to this court.

Messrs. ROSENTHAL & PENCE, for appellants; that the record of a mortgage should disclose the amount and state of the incumbrance, cited Met. Bank v. Godfrey, 23 Ill. 604; North v. Belden, 13 Conn. 376; Hart v. Chalker, 14 Conn. 77; White v. Carpenter, 2 Paige, 248.

The cancellation of a mortgage of record is *prima facie* a satisfaction and discharge, but it may be shown to have been done by fraud, accident or mistake: Flower v. Ellwood, 66 Ill. 438; Turpin v. Ogle, 4 Bradwell, 614; Miller v. Wack, Saxton, 204; Trenton Banking Co. v. Woodruff, 1 Greene, 117; Barnes v. Cammack, 1 Barb. 397; Weir v. Mosher, 19 Wis. 316; Welch v. Priest, 8 Allen, 165.

Battenhausen v. Bullock.

The junior mortgagee is a necessary party to a foreclosure, and when disclosed by the answer he must be made a party: Augustine v. Doud, 1 Bradwell, 588; Hart v. Wingart, 83 Ill. 282; Montgomery v. Brown, 2 Gilm. 581.

Mr. W. S. SEARLES, and Mr. HOMER COOK, for appellees; that appellee's trust deed being on record at the time appellants purchased, they were bound to take notice of it, no matter what the vendor may have told them as to the title being unincumbered, cited 2 Story's Eq. § 977; Buchanan v. International Bank, 78 Ill. 500; Shannon v. Hall, 72 Ill. 354; Hall v. Shannon 85 Ill. 473; King v. McVickar, 3 Sandf. Ch. 193; Oliver v. Piatt, 3 How, 333; C. R. I. & P. R. R. Co. v. Kennedy, 70 Ill. 350; Willis v. Henderson, 4 Scam. 13; Merrick v. Wallace, 19 Ill. 486; Morrison v. Kelly, 22 Ill. 610; Morris v. Hogle, 37 Ill. 150; Rupert v. Mark, 15 Ill. 540.

As to the estate and powers of a trustee in a deed of trust: 1 Perry on Trusts, § 403; 2 Perry on Trusts, § 602; School Trustees v. Kirwin, 25 Ill. 73; 2 Story's Eq. § 977.

The trustee cannot make an admission binding upon the estate, antagonistic to the interest of the *cestui que trust:* Thomas v. Bowman, 29 Ill. 426; Same case, 30 Ill. 84; 1 Perry on Trusts, § 521.

The decree does not prejudice any right which the assignees of the notes may have, and is not defective because they were not made parties: Kilgour v. Wood, 64 Ill. 345; Cutter v. Jones, 52 Ill. 84; Story's Eq. 184.

What is sufficient to put a purchaser upon inquiry, is good notice of whatever the inquiry would have disclosed: Watt v. Schofield, 76 Ill. 261; 1 Story's Eq. Jur. § 403; 2 White & Tudor's Lead. Cases in Equity, 117.

BAILEY, J. Battenhausen, the appellant, claims a reversal of the decree in this case upon the three following grounds, which will be considered in the order in which they are here stated:

1. The assignees of the notes and mortgage from Battenhausen to Runyan, were necessary parties to the suit.

2. No amount of indebtedness being disclosed by the deed

of trust, said instrument created no lien as against said Battenhausen.

3.   The release proved was *prima facie* a discharge of the lien of the deed of trust, and no evidence having been offered to impeach it, the complainant was not entitled to a decree.

It is manifest that the first of these propositions cannot be sustained, for the simple reason that it is wholly unsupported by any evidence appearing in the record.   There are, it is true, averments in an unsworn answer, that for a part of the purchase-money of the land in question, Battenhausen executed to Runyan certain notes, and secured the same by a mortgage on the land; and the amended answer which Battenhausen asked leave to file during the hearing, and which was also unsworn, contained an averment that said note and mortgage were, prior to the commencement of the suit, assigned by Runyan to Eichberg Brothers, and were still held by them. But apart from these mere averments, the record is barren of evidence in relation to the notes and mortgage.   An answer in chancery, when not under oath, performs the office of a mere pleading, and affords no evidence of the truth of the facts therein alleged.   It follows that there was no evidence before the court showing or tending to show that the alleged notes and mortgage were outstanding in the hands of any parties not before the court, or even that any such notes and mortgage had ever existed.   No attempt was made in any form to establish by proof the existence of any parties not before the court, having any interest in the subject-matter of the litigation, and we cannot reverse a decree by reason of a matter which rests merely in averment, and is wholly unsupported by evidence.

The state of the record bearing upon the second point urged by the appellant is very much like the foregoing.   An attempt is made to invoke the doctrine, that under our recording act, a mortgage or deed of trust, given to secure an ascertained debt, which wholly fails to disclose the amount of the debt secured, is no notice of an incumbrance to a subsequent *bona fide* purchaser of the land for value.   A number of decisions in other States apparently supporting this doctrine are cited,

but we are not called upon to determine whether such rule prevails in this State, since the record before us makes no case for its application. The answer, it is true, avers sufficient facts to show that Battenhausen was a subsequent purchaser of the land in good faith for value, but no attempt whatever is made to support these averments by proof. The only evidence in the case in relation to the rights of Battenhausen is found in the stipulation of the parties, that Battenhausen obtained title to said lands from Runyan, subsequent to the execution of the deed of trust, and prior to the date of the release. The circumstances under which the title was obtained, or whether any consideration was paid, is not shown ; nor are any facts made to appear by which it can be seen that Battenhausen was a *bona fide* purchaser. In the absence of all evidence on these questions, the court below very properly declined to apply the rule contended for. The most serious question in the case relates to the effect which, under the evidence, must be given to the release.

It may be proper here to notice a point made by counsel for appellee in their argument, viz: that no sufficient foundation was laid for the admission in evidence of a certified copy of the record of the release, and that we should now hold that it was improperly admitted. Some evidence was offered by way of laying a foundation for the admission of such copy, under the provisions of section 36 of the statute in relation to conveyances, and the court holding such preliminary proof to be sufficient, allowed such certified copy to be read in evidence. As the appellee has assigned no cross-errors, he is in no position to call in question the correctness of this decision. The statute provides that when a proper foundation is laid, a certified copy of a record of this character may be read in evidence " with like effect as though the original of such deed, conveyance, or other writing, was produced or read in evidence." R. S. 1874, Chap. 30, Sec. 36. For the purposes of this appeal, then, the certified copy must have the same force as though the original release had been produced.

What force must, under the evidence in the case, be given to the release? While the bill charges that no directions had

been given to the trustee to execute the release, and that its execution was wholly unauthorized, and had either been forged, or produced by some fraudulent representation or device, no evidence, beyond the mere fact that the note was unpaid, was offered in support of any of these allegations. The certificate of acknowledgment proves its execution by the trustee, and there is no evidence beyond what may be derived from the fact that the note is outstanding, tending to show that such execution was without authority from the party secured.

Under these circumstances, what are the legal presumptions?

The statute providing for the manner of releasing mortgages and deeds of trust of record is as follows: "A mortgage or trust deed of real or personal property may be released by an instrument in writing executed by the mortgagee, trustee or his executor, administrator, heirs or assignee of record, and such instrument may be acknowledged or proved in the same manner as deeds for the conveyance of land." R. S. 1874, Chap. 95, Sec. 9.

Here the release was executed and acknowledged in due form by the party authorized by law to release the deed of trust, and the doctrine supported by the general current of the authorities seems to be that such release is *prima facie* valid. In Flower v. Elwood, 66 Ill. 438, the court say: "The cancellation of a mortgage of record is *prima facie* a satisfaction and discharge, but it may be proved to have been made by accident, mistake or fraud." In Weir v. Mosher, 19 Wis. 311, a satisfaction of a mortgage by an executor of the mortgagee was held to be *prima facie* valid, although it turned out that the mortgage debt was not in fact paid.

In Miller v. Wack, Saxton, N. J. 204, the court in discussing the question of the effect of a release as evidence of the cancellation of a mortgage say: "Of what use would the cancellation of a record be if the mortgagee might at any time afterwards set up the cancelled mortgage, prove its original existence and contents, and then call upon the mortgagor or purchaser, or subsequent mortgagee or judgment creditor, to prove the fact of the lawful payment and satisfaction of the mortgage?" After holding that the cancellation is not con-

Battenhausen v. Bullock.

clusive evidence, but is liable to be investigated in a proper way, they continue: "Nevertheless, it is evidence, and evidence, too, of a very high character, and sufficient to sustain the rights of all parties interested, unless the party setting up the canceled mortgage shall show some accident, mistake or fraud; and this must be shown satisfactorily on his part." In like manner, the Supreme Court of Massachusetts, in Welch v. Priest, 8 Allen, 165, in discussing the same question, say: "The implication is very strong that a release by deed acknowledged and recorded, is a complete conveyance of the mortgagee's title. And we think sound policy requires that it should be so regarded. It is as important to be able to ascertain from the registry the existence or continuance of a mortgage, as of any other legal estate. Not unfrequently the whole or part of an estate held in mortgage is released or conveyed when the debt is not paid." See, also, Trenton Banking Co. v. Woodruff, 1 Green, N. J. 117; Barnes v. Camack, 1 Barb. 392.

The mere fact that the debt is outstanding and unpaid at the time the release is executed, cannot, of itself alone, be regarded as presumptive evidence o fraud, or as tending to establish accident or mistake. We know from ordinary observation, that the release of a part or all of the mortgaged premises while the debt is unpaid, or even before it matures, is not an unusual occurrence. It is frequently done by way of substituting new securities, or of carrying out some other new arrangement between mortgagor and mortgagee, and is in no way inconsistent with perfect good faith, or a full knowledge and understanding of the nature and effect of the instrument at the time of its execution.

The allegations of the complainant's bill, if proved, would undoubtedly be sufficient to sustain the decree. The allegations tending to impeach the release, however, are entirely unsupported by evidence, and the decree, so far as it relates to that subject, is erroneous. As to all the questions which we have been called upon to consider in this case, the record seems to be remarkable alike for its fertility of allegation and its barrenness of proof. We may be fairly warranted in

the conclusion that the real rights of the parties have not yet been presented to the court.

The decree will be reversed and the cause remanded for further proceedings.

Reversed and remanded.