CHARLES R. JONES

V.

WARREN NOEL AND JULIA M. BALLANCE.

*Chattel Mortgages—Maturity of Debt—Parol Agreements Extending Time of Payment—Rights of Other Creditors.*

1. Under the provision in a chattel mortgage that the mortgagor may retain possession of the mortgaged property until default in payment of the debt secured by the mortgage, it is a fraud upon other creditors of the mortgagor, which, as against them, invalidates the lien, to allow the mortgagor to retain possession of the mortgaged property after the maturity of the debt thereby secured.

2. A chattel mortgage should state particularly the time of the maturity of the debt thereby secured.

3. A parol agreement between the mortgagor and mortgagee for the extension of the time of payment of the debt secured by the mortgage, is ineffectual to extend the duration of the lien on the mortgaged property beyond the maturity of the last maturing note described in the mortgage.

[Opinion filed December 8, 1890.]

APPEAL from the Circuit Court of Peoria County; the Hon. T. M. SHAW, Judge, presiding.

Messrs. JUDSON STARR and HOPKINS & HAMMOND, for appellant.

Messrs. McCulloch & McCulloch and Rice & Rice, for appellees.

Upton, J.   This case involves a contest between the holders of alleged liens or claims upon personal property in the declaration described.   The appellant claims under a chattel mortgage bearing date June 22, 1887, duly executed and recorded, given to appellant by John Jones and James H. Starr, as mortgagors, to secure the following promissory notes, then held by appellant as payee thereof, viz.:   One note for the sum of $550, due in one year from date, and dated March 10, 1886; one dated June 13, 1886, due in one year, for $550; and one dated August 17, 1886, for $550, all of which notes were executed by James H. Starr.   Also three other promissory notes, signed by John Jones and James H. Starr, and payable to appellant, viz.:   One note dated March 13, 1886, due one year from date, for $500; one dated March 22, 1886, due one year after date, for $550; and one dated May 5, 1886, due one year after date, for $500, all of which notes drew interest at eight per cent, as expressed on the face thereof.   All the notes above described, except one, which was for $500, due August 17, 1887, signed by James H. Starr, as will be seen, had become due and payable at the time of the execution, delivery and placing of record of the chattel mortgage here in question.   It is claimed, however, by the appellant, that on the 21st of June, 1887, the day before the execution of the chattel mortgage, and after all the indebtedness thereby to be secured had become due and payable (except the one note above stated), by parol agreement between appellant and the makers of said promissory notes, the time of payment of the indebtedness evidenced thereby was agreed to be extended for two years from that date.   The chattel mortgage was in the form in common use, particularly describing the notes as above stated, and it was therein "provided that if the said mortgagors, their executors, etc., shall, on or before two years from the date of this mortgage, well and truly pay unto said mortgagee, his executors, etc., their respective notes of the dates and amounts as follows"—describing the several notes in

date, time of payment, makers and amount thereof, as above
set forth—with the usual covenants as to possession of the
mortgaged property, and the right of mortgagee to sell for
non-payment, on fear of diminution, removal or waste of mort-
gaged effects, etc.

Appellees claim under a lease which was executed by John
Jones and James H. Starr, as lessees of certain lands, to one
of the appellees, Julia M. Ballance, which contained a clause
as follows: "Meaning and intending hereby to give to party
of the first part (Julia M. Ballance), her heirs, etc., etc., a
valid and first lien upon any and all goods, chattels and other
property belonging to the party of the second part (John
Jones and James H. Starr), as security for the payment of the
rent hereinbefore stated, etc." The lease bore date February
11, 1885, and contained the usual covenants of waiver of
exemption and right to distrain. On the 21st of January,
1888, Julia M. Ballance made her landlord's warrant against
James H. Starr and John Jones for $1,119.90 for rent alleged
to be due her on the 20th day of January, 1888, and placed
the same in the hands of the appellee Warren Noel, as her
bailiff, to execute. On the 9th of February, 1888, the bailiff
distrained under said warrant, and took possession of nearly
all of the property described in appellant's chattel mortgage.
On the 7th of April thereafter appellant commenced this suit
in replevin for the distrained property, claiming the same
under his chattel mortgage. The cause was submitted to the
court for trial, a jury being waived. The court found the
property to be in the appellees, defendants below, and they had
judgment accordingly; a new trial was refused, and the plaint-
iff below appealed to this court.

There is no contested question of fact involved in this case.
It is manifest that appellee had priority of possession of the
property in question and of right also, unless appellant had a
superior right thereto by virtue of the chattel mortgage in
evidence. The only question involved in this case is, was the
chattel mortgage to appellant a valid lien upon the property
in question at the time of the levy of the distress warrant
thereon? If the question can be answered in the affirmative,

Jones v. Noel.

the judgment of the Circuit Court was erroneous; otherwise it must be affirmed.

We are cited to several adjudicated cases in this State, determined in view of the statute of 1845, which we do not think in point. There is a marked distinction between the provisions of the statute of 1845 and the present statute in reference to the time of maturity of chattel mortgages. The present statute (governing the case before us) provides and expressly limits the time for which the chattel mortgage lien may be made effectual as to third parties, to the time of the *maturity of the debt or claim thereby secured*, not exceeding two years. The statute of 1845 made the mortgage effectual for two years when so provided therein, but is silent as to the maturity of the debt secured thereby. Chap. 20, Sec. 3, R. S. 1845, page 92; Chap. 95, Sec. 4, R. S. 1874 (S. & C.), page 1633.

The cases are nearly uniform, it is believed, both under the old statute and the new, that under the provision in a chattel mortgage (as in the case at bar) that the mortgagor retain possession of the property mortgaged *until default in the payment of the indebtedness thereby secured*, it is a fraud upon creditors, which invalidates the lien, to allow the mortgagor to remain in possession of the mortgaged property after the maturity of the debt thereby secured. The mortgagee must take possession of the mortgaged property at the earliest period after the maturity of his claim, and within two years, or he must lose his lien as to other creditors of the mortgagor; at least such is the general current of the authorities in this State upon that question, and the principle is too well understood to justify a citation of the cases upon that point. If this be so, then it follows that the mortgage should state and particularly set out the time of the maturity of the debt or claim thereby secured, otherwise great frauds might be perpetrated upon creditors and purchasers; for if the mortgage is a lien only until the maturity of the debt it was given to secure, the time of its maturity is an essential element of the mortgage for the protection of all. Nor will it avail, as in the contention before us,

that the time of the maturity of the mortgaged indebtedness may be extended by parol agreement between the parties thereto, variant from what appears on the face of the mortgage. Not only would such a rule open a wide door for fraud in its application, allowing secret parol agreements to be substituted for the express terms of written contracts, required to be of record in essential particulars, but it contravenes fundamental legal principles as applied to written contracts. Parol evidence should not be allowed in this class of cases to contradict the written contract of mortgage in any of its essential elements either as between the parties or as to third persons. Hixon v. Mulliken, 18 Ill. App. 232, and cases there cited.

A chattel mortgage is a creature of the statute, and the lien thereof continues no longer than such mortgage complies with the statutory requirements. The mortgagee should furnish notice by the record of his mortgage of the essential elements of the mortgage lien, which goes to its validity; and the period of its duration is one of those elements. It is well settled, that notice of an unrecorded chattel mortgage is of no effect as against a creditor of the mortgagor. It would seem to follow that parol notice of any other fact concerning the mortgage by which the extent or duration of the lien might be made different from what is shown by the record of the mortgage itself, viz., the maturity of the debt thereby secured, would in like manner be unavailing. We think that, unless the mortgage upon its face shows an extension of time of payment of the indebtedness thereby secured, the lien of the mortgage expired contemporaneously with the maturity of the last maturing note therein described. Bullock v. Battenhousen, 108 Ill. 28; same case, 8 Ill. App. 312; same case, 11 Ill. App. 665. The doctrine laid down in the last cited case in the several courts through which it passed, was that the record of a mortgage operates as notice only of the facts appearing upon the face of the instrument; that an instrument, void upon its face, puts no one upon inquiry, as to anything not contained therein. In the case cited, the question arose upon a mortgage of real property, where the mortgage failed to state the amount of the indebtedness thereby secured.

The principles there announced would apply with greater force to mortgages of chattels, it is believed.

It must, we think, be conceded that the chattel mortgage upon its face contains no *extension of the time of payment* of the *notes therein described*, and thereby claimed to have been secured. If suit had been instituted upon any of the notes before the expiration of two years from the execution of the chattel mortgage, could anything in the mortgage contained have been interposed to have defeated immediate recovery thereon? It seems to us the only effect of the provision in the mortgage that the mortgagor should, on or before two years from its date, pay the mortgagee the several notes therein set forth, was, at the most, an attempted extension of the lien of the mortgage for two years, but did not in any manner attempt or intend to affect or change the time of the maturity of the notes thereby secured; or, if so intended by the parties, to extend the time of the payment of the notes, such could not be the legal effect of that provision of the mortgage from the language used. If we are correct in this view the judgment of the Circuit Court was not erroneous (Hixon v. Mulliken, 18 Ill. App. 232), and that judgment is affirmed.

*Judgment affirmed.*