# F. A. Rehkopf v. George W. Miller.

1. CHATTEL MORTGAGES—*Acknowledgment Void, as to Third Persons.* —A chattel mortgage not shown to have been acknowledged before a justice of the peace of the town or precinct where the mortgagor resided at the time of its execution, is void as to other incumbrancers or creditors of the mortgagor.

2. SAME—*Acknowledgment in a Foreign State.*—The acknowledgment of a chattel mortgage in the State of Missouri gives it no validity in this State, where the laws of Missouri relating to chattel mortgages and the acknowledgments thereof, are not in evidence.

3. SAME—*Oral Evidence to Show Residence of Justice Taking an Acknowledgment.*—In an action of replevin, where a party claims title to the property under a chattel mortgage, it is competent to show, by oral proofs, that the justice before whom the acknowledgment of the mortgage was taken, was a justice of the peace of the town where the mortgagors resided at the time of its execution.

4. REPLEVIN—*Title Under Chattel Mortgage—Production of Notes.* —Where, in an action of replevin, the plaintiff claims title by virtue of a chattel mortgage given to secure an indebtedness evidenced by promissory notes, it is incumbent upon him to produce such notes or account for their absence.

5. FRAUD—*Division of Mortgage Indebtedness Not Fraudulent Per Se.*—The fact that an indebtedness secured by a chattel mortgage is divided into two notes, one for a large sum, due in two months, and the other for a small sum, due in two years, is not of itself evidence of a fraud which will vitiate the mortgage.

6. POSSESSION—*Under Chattel Mortgage Notes Due at Different Times.*—Where the notes secured by a chattel mortgage mature at different times, the mortgagee is not required to take possession of the property on default of payment of the note first due. The mortgage remains valid for two years from the time it was filed for record.

Replevin.—Appeal from the City Court of East St. Louis; the Hon. B. H. CANBY, Judge, presiding. Heard in this court at the February term, 1895. Reversed and remanded. Opinion filed July 1, 1895.

SYLVESTER G. ABBOTT, attorney for appellant.

ENLOE & NEUSTADT, attorneys for appellee.

MR. JUSTICE GREEN DELIVERED THE OPINION OF THE COURT.

This was replevin to recover three horses. Appellee brought the suit against appellant, and the jury found the issues for plaintiff and the right of property in him. Judgment on verdict for plaintiff. Plaintiff claimed under a chattel mortgage executed by Cornelius De Roo and Frances E. De Roo on May 7, 1894, acknowledged the same day before a notary public in the city of St. Louis, Missouri, and before a justice of the peace of Madison county, Illinois; recorded the same day in St. Louis, and on May 8, 1894, in Madison county. This mortgage was given to secure a note of even date for $181, payable to appellee fifteen days after date. Appellee also claimed the property by virtue of a bill of sale to him of said horses, executed by the De Roos on May 16, 1894, for the consideration of $196, but never took possession of said property or received it until the sheriff delivered the same to him by virtue of the writ, nor until after appellant had taken possession of the property under a chattel mortgage on the same made by said Frances E. De Roo, properly executed, acknowledged, entered and recorded in accordance with the requirements of the chattel mortgage act. This mortgage was executed on November 3, 1893, to secure $251, evidenced by one note for $250 payable to appellant in two months, the other note for $1, payable to appellant in twenty-four months, each note of even date with mortgage, signed by the De Roos, and drawing seven per cent interest from date. Frances E. De Roo then owned the mortgaged property. Appellant took possession thereof under this mortgage, and had such possession until it was taken from him by the sheriff. As against appellant, the bill of sale was inoperative, no delivery of the

possession of the property having been made to appellee. And the chattel mortgage to him as against appellant was invalid and void because it was not shown that the justice of the peace of Madison county was such in the town or precinct where the mortgagors resided, and the acknowledgment in St. Louis gave it no validity. The laws of Missouri were not in evidence. Neither did appellee produce or offer in evidence the note secured by said mortgage, or account for its absence. For aught that appears in this record it might have been satisfied or assigned. Taking plaintiff's evidence alone, no right to the property replevied, as against the defendant, was established.

Appellant on his behalf did, in our judgment, prove such right to be in himself at the time this suit was commenced, on May 18, 1894. He introduced in evidence a valid chattel mortgage on said property anterior to that admitted in evidence for appellee, in date of execution, acknowledgment, entry and recording, also the notes secured thereby, and evidence showing their *bona fide* character and that they were given for money loaned by himself. He also proved he had taken the property into his possession under the mortgage, on the 16th or 17th of May, 1894, before the suit was commenced. If such possession was taken before appellee's rights, if any, had intervened, it invested appellant with the title. Reed et al. v. Wilson, 22 Ill. 380–81. It is objected on behalf of appellee, that oral proof admitted to show the fact that the justice before whom the acknowledgment of this mortgage was taken, was a justice in the town where the mortgagors then resided, ought not to have been admitted, and hence such material fact was not established by competent evidence. We think the evidence was competent and was properly admitted. It is further urged on behalf of appellee, that the fact of one of the mortgage notes for the larger amount being made payable in two months, and the other note for a small amount being made payable in two years, is of itself evidence of fraud, which would vitiate the mortgage. Whatever such fact might tend to establish, it is not fraud *per se*. Many good reasons,

lawful and laudable, might induce such division of the time for maturing of specific portions of the secured indebtedness without any intent to hinder or delay creditors, or to fraudulently cover up property, and the statute evidently contemplates that such divisions may be made and authorizes it.

It was not required that appellant should take possession of the mortgaged property on default of payment of the note due in two months or lose his lien. It was valid for the full period of two years from the time the mortgage was filed for record, and the instruction to the contrary given for plaintiff was erroneous. The conclusion reached after a careful examination of the record is, that the verdict should have been for appellant, and a writ of *retorno habendo* awarded; that the court erred in giving the instruction referred to, in overruling appellant's motion for a new trial and entering judgment against him. Judgment reversed and cause remanded.