## F. M. Walton et al. v. J. H. Gernand.

1. LACHES—*When not a Defense to a Bond.*—A builder executed a bond conditioned to save and keep harmless the owner from all loss and liability above the contract price of the building; upon settlement there was a suit for a sub-contractor's lien pending, which the builder agreed to attend to. The owner paid him the full contract price and went East, leaving the matter with the builder, who let the suit go by default. In a suit on the bond, the defendant set up the failure of the

owner to answer the petition for a lien as *laches* as a defense, but a recovery by the plaintiff was sustained.

**Debt,** on a builders' bond. Appeal from the Circuit Court of Vermilion County; the Hon. FERDINAND BOOKWALTER, Judge, presiding. Heard in this court at the November term, 1895. Affirmed. Opinion filed May 16, 1896.

SALMANS & DRAPER, attorneys for appellants.

J. W. KEESLAR, attorney for appellee.

MR. PRESIDING JUSTICE PLEASANTS DELIVERED THE OPINION OF THE COURT.

This was an action of debt brought on a bond, executed to appellee by appellant Walton as principal, and the other appellants as sureties, in the penal sum of $6,000. It recited that Walton had entered into a written contract with appellee to remodel and enlarge a certain building of appellee according to certain plans and specifications, and the condition was that he should save and keep harmless the said appellee from all loss and liability above the contract price. He did the work accordingly and received the full contract price. John Burton, as a sub-contractor, furnished to Walton some material for said work, on which he claimed a balance of $277, which Walton disputed and refused to pay. Burton gave notice of it to appellee and filed his claim to a lien upon the building therefor, and his petition to have it so declared and adjudged, making appellee and Walton parties defendant. Walton answered, contesting the claim, but appellee did not and was defaulted. On a hearing upon the pleadings and the master's conclusions of fact and law reported the court decreed in favor of Burton for $277.09, interests and costs, for which the building was sold by the master under said decree, and appellee was obliged to pay and did pay, to redeem it, the sum of $354.33.

The verdict in this case was for $354.50 damages, on which judgement was rendered.

It is insisted that the failure of appellee to answer the pe-

tition for a lien is such *laches* as should bar a recovery in this action. To which he replied that he was relieved of that duty specifically by the express undertaking of appellant; and that, we think, is the only question presented by the record.

The evidence shows that when they were agreeing on this settlement appellee called Walton's attention to this Burton claim that had been filed and proposed to retain $500 of the contract price to meet it, but Walton said he would attend to that and appellee should have no trouble about it; that if he paid the contract price in full he could retain the bond for his security and it should not cost him a cent. Appellee accordingly did pay it, and went East, leaving the matter with Walton. In his absence the default was taken against him, the case heard on the petition, answer of Burton and proofs, the decree made and the property sold. Appellee knew nothing of the defense to Burton's claim, which was founded on matter outside of or in addition to the written agreement between Burton and Walton. As between him and Walton there was no occasion for his appearance and defense. The claim was established against all the resistance made by Walton with the aid of able counsel, and he should not complain that appellee, upon the faith of his promise, refrained from making additional expense to fall ultimately upon him. We think the verdict was justified by the proof and the judgment will be affirmed.