## Joseph Fahndrich, Charles J. Fahndrich and Fred P. Fahndrich, copartners, trading as Fahndrich & Sons, v. Edward Hudson.

1. CHATTEL MORTGAGES—*Must be Acknowledged.*—To be valid as against the rights and interests of third persons a chattel mortgage must be acknowledged before a justice of the peace of the town or precinct where the mortgagor resides, and recorded in the county; or, in case he is a non-resident of this State, then in the county where the property is situated and kept.

2. SAME—*Certificate of Acknowledgment False—Mortgage Void.*— Where the certificate of acknowledgment of a chattel mortgage, regular in form, is shown to be false, the mortgage is void.

**Replevin.**—Count in trover. Trial in the Circuit Court of Cook County; the Hon. CHARLES G. NEELY, Judge, presiding. Verdict and judgment for plaintiff, $600. Appeal by defendants. Heard in this court at the March term, 1898. Reversed. Opinion filed May 26, 1898. Rehearing denied June 9, 1898.

### STATEMENT OF FACTS.

In the year 1894 the firm of Jameson & Escanbrock were engaged in business as butter merchants in Chicago, and

on May 12th in that year, being indebted for a loan to the firm by appellee of $700, Malcom Jameson, one of the partners, in his own name and that of the other partner, P. J. Escanbrock, and also in the firm name by himself, executed a note for the amount of the loan, payable on or before one year from date to appellee, bearing interest at seven per cent. To secure this note he also, in the same manner, executed a chattel mortgage in the usual form of chattel mortgages, by which certain personal property of the firm, consisting of horses and wagons, was sold and conveyed to appellee, the mortgage to be void if the note and interest thereon should be paid.

The mortgage purports to have been acknowledged May 12, 1894, before George L. Ford, a justice of the peace, by "Malcom Jameson and P. J. Escanbrock, firm of Jameson & Escanbrock," and was entered on the justice's mortgage record the same day, and was recorded in the recorder's office of Cook county, Illinois, August 24, 1894. May 14, 1894, the note and mortgage were delivered to appellee. Early in September, 1894, appellant commenced a suit by attachment before a justice of the peace against Jameson & Escanbrock and D. J. Jameson, and caused the writ to be levied by a constable on part of the horses and wagons described in the mortgage September 20, 1894. No service was had on Escanbrock, and judgment was rendered against the other two defendants, the Jamesons, October 10, 1894, for $86.24 and costs.

October 10, 1894, appellee brought replevin against appellants in the Circuit Court of Cook County for the horses and wagons attached at the suit of appellants, the writ being returned not executed as to the property. The declaration had the usual counts in replevin and a count in trover. The pleas were *non cepit, non detinet*, property in the Jamesons and Escanbrock, property in appellants, and not guilty as to the trover count. Issues were joined and a trial before the court and a jury resulted in verdict of guilty, right to possession in plaintiff, and assessing damages at $600. Defendants' motion for new trial was over-

ruled, and judgment entered against defendants for $600 damages, from which they appealed.

W. J. LAVERY, attorney for appellants.

GEORGE P. MERRICK, attorney for appellee.

MR. JUSTICE WINDES delivered the opinion of the court.

The only question which we deem necessary to consider is the validity of the chattel mortgage under which appellee claims the right to recover.

There is no dispute but that Escanbrock, one of the partners in the firm of Jameson & Escanbrock, failed to sign or acknowledge the mortgage. It was signed in the name of Escanbrock, and also in the name of Jameson & Escanbrock by Malcom Jameson. Escanbrock did not appear before the justice to acknowledge the mortgage, and did not acknowledge it. The acknowledgment was by Jameson alone, although the justice of the peace certified that Escanbrock acknowledged the mortgage. He testified that he told Jameson to sign his (Escanbrock's) name to the paper, but says nothing as to directing Jameson to acknowledge the mortgage in his behalf. The certificate of acknowledgment was therefore false in stating that Escanbrock acknowledged the mortgage, and was invalid as to the appellants who were creditors of Jameson & Escanbrock. The statute (2 Starr & Curtis, Ch. 95, Sec. 2) provides, among other things, that the mortgage, before it shall be valid as against the rights and interests of any third person, shall be acknowledged before a justice of the peace of the town or precinct where the mortgagor resides, and recorded in the county where the mortgagor resides, or, in case he is a non-resident of this State, then in the county where the property is situated and kept.

In Frank v. Miner, 50 Ill. 444–7, it was held that if either of the requirements of the statute is wanting, while the mortgage is binding between the parties, it is void as to creditors and purchasers. The mortgage was held void

because it was not acknowledged before a justice of the precinct where the mortgagor resided.

To the same effect is Rehkopf v. Miller, 59 Ill. App. 662.

In Long v. Cockern, 128 Ill. 29–36, it was held that as to creditors with actual notice, a chattel mortgage, acknowledged before a notary public, was void.

In Burchard v. Kohn, 157 Ill. 583, it was held that a chattel mortgage which was not recorded was void as to creditors, though good as between the parties.

In First Nat. Bank v. Baker, 62 Ill. App. 158, a chattel mortgage purporting to be made by the Corey Car & Manfg. Co., and acknowledged by "James B. Rielly, Secy., and Francis W. Corey, Prest., the mortgagors therein named," was held to be void as against a creditor because the acknowledgment did not purport to be that of the mortgagor. The court said, "We are not to consider what one who reads this certificate might conclude, but what is certified."

In Walton v. Gernand, 65 Ill. App. 19, a chattel mortgage of household furniture, although signed by a husband and wife, and purporting to be acknowledged by both, was held to be void, it being shown that the wife did not in fact acknowledge the mortgage—that the officer's certificate was false.

In McDonald v. Stewart, 83 Ill. 538, where the certificate of acknowledgment to a chattel mortgage regular in form was shown to be false, the mortgage was held to be void, and in deciding the case the court said : "Whether notice was conveyed to parties as well by the instrument, as thus executed, as it would have been had the law been faithfully observed, is not for us to inquire. As between the parties, it was valid without any acknowledgment; but without the acknowledgment it has no effect upon the rights of third parties acting in good faith. In such case actual notice of the mortgage does not prevent the creditor from asserting his right to subject the property to the payment of his debt. (Citing cases.) There is no want of good faith on the part of a creditor in levying upon his debtor's property included

in a chattel mortgage which the law declares void as to him." See also Aultman v. Guy, 41 Ohio St. 598, and cases cited; and Westlake v. Westlake, 47 Ohio St. 315, in which it was held that the word "mortgagor," in a statute similar to the Illinois statute, means each mortgagor.

We are therefore of the opinion that the chattel mortgage which is the basis of appellee's claim, not having in fact been acknowledged by Escanbrock, one of the mortgagors, was void as to appellants because of the falsity of the certificate of the acknowledgment, and the judgment is reversed.