## Christina G. Bock v. Ludwig Schindler.

1. FRAUD—*Upon Creditors—Chattel Mortgages.*—Where the indebtedness secured by a chattel mortgage matured within eight months, except a note for the nominal sum of $3, maturing in two years, and the indebtedness was divided in that way so that a verbal extension could be given of time of payment of the principal indebtedness, such an extension is a fraud upon creditors of the mortgagor.

2. SAME—*Delay in Foreclosing.*—Permitting mortgaged property to remain in the possession of the mortgagor after the maturity of all the indebtedness is a fraud *per se* as to other creditors.

Replevin.—Appeal from the Superior Court of Cook County; the Hon. PHILIP STEIN, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1898. Affirmed. Opinion filed October 27, 1899.

J. HENRY KRAFT, attorney for appellant.

RUBENS, DUPUY & FISCHER, attorneys for appellee.

MR. JUSTICE HORTON delivered the opinion of the court.

Appellant's claim and rights, if any she has under the issues in this case, are based entirely upon a chattel mortgage. That mortgage was made by Martin Bock (husband of appellant), dated June 18, 1892, and was given to secure seven notes made by said Martin, bearing even date with said mortgage. Five of said notes are for the sum of $100 each, and payable, respectively, three, four, five, six and seven months after date; one is for the sum of $93, payable eight months after date; and one for the sum of $3, payable two years after date. Said mortgage is made to "The Mearle & Heaney Mnf'g Co." and said notes are all payable to the order of that company. Indorsed on the back of said mortgage is what purports to be an assignment thereof to "C. G. Bock." Upon the back of each of said notes is indorsed what purports to be a transfer thereof to "C. G. Bock, without recourse." All of said indorsements are without date. June 9, 1894, Christina G. and Martin Bock made an affidavit for the purpose of extending said mortgage two years under the provisions of the statute in that regard.

After the giving of said mortgage, said Martin Bock gave another mortgage conveying the property in question. Said property was sold under this last named mortgage, and the title acquired by such sale passed by *mesne* conveyances to the appellee. No question is made as to the validity of this sale, or the conveyances to appellee. After appellee acquired the title to said property appellant seized and took the same from the possession of appellee, claiming to do so under and by virtue of said first mentioned mortgage. Thereupon appellee commenced this suit in replevin, and thereby regained possession of said property.

The cause was submitted to the court for trial, a jury being waived. The finding and judgment of the trial court are in favor of the plaintiff in the replevin (appellee).

James P. Heaney, president of the company named as payee in said notes, testified that said notes were paid by the maker thereof, Martin Bock, before they were trans-

ferred to his wife, the appellant. There is no testimony in conflict with that statement by Mr. Heaney. That is conclusive of this case, if there were no other reasons for affirming the judgment of the trial court.

But if said notes were not paid, the first mentioned mortgage could not be enforced as against appellee. All of the indebtedness secured thereby matured within eight months, except the note for the nominal sum of $3. It appears in the record that the indebtedness was divided in that way so that a verbal extension could be given of time of payment of the principal notes. Such an extension would be a fraud upon creditors of the mortgagor. Jones v. Noel, 38 Ill. App. 374, 378.

Under the facts and circumstances in the case at bar, as they appear in this record, permitting the property in question to remain in the possession of the mortgagor after the maturity of all the indebtedness except the note for the nominal sum of $3, was a fraud *per se* as to other creditors. Hixon v. Mullikin, 18 Ill. App. 232.

But if the trial court decided the case upon the ground of actual fraud we are not prepared to say that such finding is against the weight of evidence. Appellant was not present and had nothing to do with said assignment and transfer of notes and mortgage. Mr. Heaney says that he never saw her, and that Mr. Bock procured the making of said assignment of mortgage. When asked if he could remember what Mr. Bock said at the time, he gave this reply, viz.:

" Well, not exactly. I remember him saying something about wanting to get ahead of somebody, or something to that effect."

Mr. Bock, though present in court at the time, made no reply to that testimony of Mr. Heaney.

Perceiving no reversible error in this record, the judgment of the Superior Court is affirmed.