## No. 10,092.

### COLORADO MOTOR FINANCE COMPANY *v.* SMITH.

Decided July 3, 1922.   Rehearing denied November 6, 1922.

Action in replevin.   Judgment for defendant.

### *Affirmed.*

1.   CHATTEL MORTGAGE—*Stock in Trade—Motor Vehicles.*   Where a chattel mortgage is taken on a stock of motor vehicles held for sale at retail, of which the mortgagee has notice, and there is no requirement that the proceeds of sale of any of the mortgaged cars should be applied to the reduction of the debt, the conclusion is justified that the mortgagee consented to the sale of cars, and it lost its lien on those sold while such consent lasted.

2.   *Waiver of Lien.*   Consent by a mortgagee to the sale of mortgaged property is a waiver of the mortgage lien.

*Error to the District Court of Morgan County, Hon. L. C. Stephenson, Judge.*

Mr. WILLIAM E. HUTTON, Mr. BRUCE B. McCAY, Mr. A. W. DULWEBER, for plaintiff in error.

Messrs. COEN, MALLORY & PAYNTER, for defendant in error.

*En banc.*

MR. JUSTICE TELLER delivered the opinion of the court.

PLAINTIFF in error brought an action in replevin against the defendant in error to recover an automobile claimed by it under a chattel mortgage. The mortgage was dated February 24, 1920, and covered several automobiles, to secure the payment of $7275.37. The debt was payable $7274.37 May 24, 1920, and $1.00 May 24, 1921. The court found for the defendant, and entered judgment accordingly.

Defendant purchased the car of Nesbit on September 9, 1920.  Nesbit was a dealer in automobiles at Greeley, Colorado, where this sale was made and had this car, with others, in his salesroom.  The court found that the mortgage covered goods and stock in trade, on sale at retail, and that the car was bought in due course of business for immediate delivery.  It was therefore held that the mortgage was invalid as to the car in question.  The court further expressed the opinion that making one dollar of the debt payable a year after the principal sum was due was a "badge of insincerity and bad faith on the part of the mortgagee."

From the record it appears that the plaintiff in the action carried the debt on its books as falling due in its entirety on May 24, 1920, and there is correspondence in evidence which tends to show that the plaintiff so regarded the indebtedness.  Counsel for defendant in error argue with great force and persuasiveness that the postponing of the maturity of the debt for one year by the small sum of $1.00 is fraudulent.  In support of this proposition they quote the case of *Hixon v. Mullikin,* 18 Ill. App. 232 and *Bock v. Schindler,* 85 Ill. App. 361, in both of which cases the mortgages, which fixed the time of payment of an installment of $1.00 several months after the maturity of the principal sum, were held void.  The court did not question the right of a mortgagee to take a mortgage securing a debt payable in installments, where such provision is consistent with a *bona fide* business transaction.  While admitting the force of these arguments, we do not find it necessary at this time to determine that point.  It will be left until a case arises in which its determination becomes necessary.

This case may well be decided upon the ground first stated by the trial court; that is, that the automobile was a part of the stock held for sale at retail, and was sold in the ordinary course of business.  The mortgage does not require that the proceeds of sale of any of the cars mortgaged be applied in the reduction of the debt; nor

does it appear that the purchase price of this car was so applied.

No reason is apparent why the rule as to mortgages on stocks of goods should not be applied to a stock of automobiles held for sale at retail. The record shows that the plaintiff in this cause was aware that the cars upon which it held the mortgage were offered for sale, and the correspondence in evidence justifies a conclusion that the plaintiff was consenting to these sales. That being true, it lost its lien upon the cars sold while that consent lasted. Indeed, it may well be held that the mortgage itself authorizes the sale, as it contains a provision that until default made by the mortgagor, he might "keep, retain and use the said chattels".

In *Wilson v. Voight,* 9 Colo. 614, 13 Pac. 726, this court construed a mortgage authorizing the mortgagor to use and enjoy a stock of merchandise as authorizing the selling of said stock. It was therefore held that the mortgage was void as to creditors. It is a settled rule of law that consent by a mortgagee to the sale of the mortgaged property is a waiver of the mortgage lien. *Moore v. Jacobucci,* 70 Colo. 171, 197 Pac. 1015.

The judgment is in accord with the law and the evidence, and is accordingly affirmed.

Mr. Chief Justice Scott, Mr. Justice Whitford and Mr. Justice Denison not participating.