In re DORA.

FIRST NAT. BANK OF NEWTON, ILL. v. CHECKLEY.

No. 4729.

Circuit Court of Appeals, Seventh Circuit.

June 30, 1932.

John Kasserman and Homer Kasserman, both of Newton, Ill., and Donald B. Craig, Fred H. Kelly, and James Craig Van Meter, all of Mattoon, Ill., for appellant.

Herbert S. Anderson, of Charleston, Ill., for appellee.

Before ALSCHULER, EVANS, and SPARKS, Circuit Judges.

ALSCHULER, Circuit Judge.

Under date of January 18, 1929, bankrupt executed to appellant in Illinois his note for $4,000, due July 18, 1929; also a chattel mortgage of same date which recited that it was given to secure the said note for $4,000, and another note of the same date for $1 due January 1, 1930.

It appears that payments on the $4,000 note had been made, and on January 1, 1930, bankrupt executed an affidavit under the Illinois statute (Smith-Hurd Rev. St. Ill. 1929, c. 95, § 1 et seq.) for the purpose of extending the lien of the chattel mortgage, at the same time taking up the $4,000 note and executing a new note for $3,750 due June 30, 1930, and reciting in the affidavit the execution of another note for $1, due January 1, 1931. It does not appear, however, that any $1 notes were ever in fact executed; indeed, the evidence is to the contrary.

Voluntary bankruptcy was adjudicated January 12, 1931. A few days thereafter appellant undertook to foreclose the mortgage. A restraining order was issued, and the mortgaged property was ordered sold by the court, appellant's lien, if any, to attach to the proceeds of the sale. The referee and the District Court held that the provision for the $1 indebtedness was merely a device to extend the lien beyond the time when the debt would mature, and the statutory 90 days thereafter within which to take possession of the mortgaged property would expire, and that at the time of the bankruptcy the mortgage lien was no longer in force; in other words, that this debt became due in fact June 30, 1930, and that the bankruptcy proceedings of January 12, 1931, found the chattel mortgage no longer a lien under the statute.

Concededly the Illinois chattel mortgage statute authorizes the creation of chattel mortgage liens to secure indebtedness which becomes due not more than three years thereafter, and, in order to preserve the lien of the mortgage, requires possession of the mortgaged property to be taken within 90 days after the debt matures under the original contract, or such extended period as the statute authorizes. It provides for extension of the lien, through affidavit of the parties, for a limited aggregate of time which is not here in question.

The Supreme Court of Illinois has not passed upon the precise question here involved. Appellate courts of the state have expressed themselves both ways thereon. The question was passed on in Hixon v. Mullikin, 18 Ill. App. 232, where, upon a debt of $776, a chattel mortgage was given securing two notes, dated December 6, 1883, one for $775, due January 15, 1884, and one for $1, due one year thereafter. The court held the actual debt to be that manifested by the larger note, and the small note to manifest a fraudulent device to extend unlawfully the lien of the mortgage beyond the maturity of the actual debt, and since the mortgagee did not take possession of the mortgaged property when the actual debt became due, the mortgage lien was thenceforth gone.[1]

---

[1] "Such a division it seems to us is susceptible of but a single inference, and that is, that the making of the one dollar note was a mere device to keep the creditors of the mortgagor at arm's length and prevent their seizing the goods for the period of a year, or thereabouts, after appellee's debt had matured. It was wholly incompatible with a bona fide arrangement to give the mortgagor the benefit of an extension of time on a portion of his indebtedness. We do not question the right of a debtor, with the consent of his creditor, to divide up his indebtedness by making it payable in installments and securing it by a chattel mortgage which would be binding until the maturity of the last installment, not exceeding two years, if the division is made in such manner as to comport with a bona fide business transaction. But where, as in this case, a debt of $776 is divided into sums of $775, evidenced by a note payable in forty days, with a power of attorney to confess a judgment, and a note for $1 payable in a year, and this is made the basis of a chattel mortgage giving the possession of the goods to the mortgagor for that time, the inference is very plain that the design was to save the goods

The next case upon the subject is Rehkopf v. Miller, 59 Ill. App. 662, where upon a similar state of facts a substantially opposite view was expressed, the court saying: "Whatever such fact might tend to establish, it is not fraud per se."

In the instant case the fact that the recital of a $1 note was a pure fiction, would tend to indicate that its employment was wholly for the legally fraudulent purpose of extending the lien beyond the statutory limits, rather than a bona fide purpose of manifesting any part of the debt.

In the subsequent case of Bock v. Schindler, 85 Ill. App. 361, a similar situation was under consideration, and the court said: "Under the facts and circumstances in the case at bar, as they appear in this record, permitting the property in question to remain in the possession of the mortgagor after the maturity of all the indebtedness except the note for the nominal sum of $3, was a fraud per se as to other creditors. Hixon v. Mullikin, 18 Ill. App. 232."

While in the absence of a decision by the Supreme Court of the state we would not be justified in disposing of the question wholly upon a show of hands of the state's inferior courts, we are, however, much impressed by the reasoning in the Hixon opinion, and without authority more binding are content to accept its logic as the law of Illinois governing this case.

The order of the District Court is affirmed.

from seizure by other creditors, and the transaction was in fraud of their rights. It follows that as the goods were not reduced to possession by the mortgagee until six months after the maturity of his debt, they were subject to appellants' execution and the jury should have found the property in appellants."