OCHSNER, ADMR., v. THE CINCINNATI TRACTION CO.

*Negligence—Charge to jury—Measure of damages—Ascertaining compensation—Wrongful death—"Speculation" and "guess" synonymous—Mathematical calculation not warranted, when —Affirmances—General verdict sustained although charge erroneous upon one issue.*

1. In an action for damages for wrongful death, the word "speculation," as used in the court's charge that "financial loss must be shown by the evidence and not arrived at by speculation, or guess work on the part of the jury," is synonymous with "guess" and is not misleading or erroneous.
2. In such an action it is erroneous for the court, in aiding the jury in estimating the damages, to instruct them along lines calling for a mathematical calculation where there is no possible basis for any such calculation.
3. Where two issues in a cause are such that a finding on either of them in favor of a party entitles him to judgment, a judgment rendered on a general verdict on both issues in favor of such party will not be reversed for error in the court's instructions relating exclusively to one of the issues.

(Decided December 5, 1921.)

ERROR: Court of Appeals for Hamilton county.

*Mr. Emil A. Hauck* and *Mr. Thos. L. Michie,* for plaintiff in error.
*Messrs. Wilby & Stewart,* for defendant in error.

HAMILTON, P. J. This is an action brought by the administrator to recover damages for the wrongful death of a little girl five and a half years old.

The petition alleges several acts of negligence on the part of the defendant, The Cincinnati Traction Company, whose car struck and killed the deceased, and alleges damages to the next of kin.

The jury found the issues in the case in favor of the defendant, The Cincinnati Traction Company.

The errors complained of are that the verdict of the jury is manifestly contrary to the evidence, and that the trial court erred in giving certain charges on the question of damages.

On the question of the weight of the evidence, it is enough to say we do not find the verdict and judgment to be manifestly against the weight of the evidence.

The special charge, requested by the defendant, The Cincinnati Traction Company, and given by the court, against the objection of the plaintiff, is as follows:

"In all cases of this kind, the damages are strictly limited to the pecuniary or financial loss suffered by the next of kin, because of the death of the child, and nothing can be allowed on account of bereavement, wounded affection, pain or suffering; and such financial loss must be shown by the evidence and not arrived at by speculation, or guess work on the part of the jury."

The objection is to the inhibition of "speculation" in the charge.

206     Ohio Appellate Reports.

Ochsner, Admr., *v.* Cin. Trac. Co.     [16 Ohio

The trial court seems to have used the word as synonymous with "guess," and restricted the meaning to that extent. The jury was, therefore, not misled by the charge. Had the word been used in a disjunctive, separate way, and inhibited in its general meaning, the correctness of such charge could well be doubted. Speculation is a comprehensive term. It is defined in the Standard Dictionary as "to consider carefully; ponder, examine; a wide or careful survey and observation;" also as meaning "to theorize without having foundation in fact," etc.

In cases like the one at bar it becomes at once apparent that the jurors must necessarily in estimating damages use their mental faculties in some of the ways suggested in the above definition, but not in all.

Damages of this kind must necessarily be more or less speculative. *N. Y., C. & St. L. Ry. Co.* v. *Roe, Admr.,* 4 C. C. (N. S.), 284, and Kinkead's Ohio Instructions to Juries, 1413, Section 1684, and cases there cited.

If necessarily speculative, a charge to the jury that it may in a sense speculate would be proper, although "estimate" would be a better word than "speculate." That is, the jury may not speculate to the extent of guessing, but is entitled to take a wide survey and observation of the conditions of the parties and the circumstances of the case, based on the facts.

In the general charge, the trial court used the following language:

"In estimating money injury, you will take into consideration any money burden Sylvia Ochsner was, or would be to her parents, and the probable as-

sistance she would be to them when she grew to be a wage earner, or capable of rendering assistance in her home to her parents or next of kin.''

After the general charge, counsel calling the court's attention to the burden of rearing the little girl, the court further said:

''Gentlemen of the Jury: In estimating the damage, you will determine what the money value of the child was to the next of kin of the child, and then deduct any money burden that the child might reasonably be expected to be to the parents and next of kin, and the amount of money value of the child's life will be the difference between the two by the process of subtraction. You will determine that by the process of subtraction.''

This charge was erroneous. The province of the jury is to give such damages as it thinks proportioned to the pecuniary injury. To aid the jury in arriving at the amount, the court, in its charge, may suggest circumstances and conditions to be taken into consideration in arriving at the pecuniary loss suffered by the next of kin, but it may not go to the extent of instructing the jury along lines calling for a mathematical calculation, when there can be no possible basis for any such calculation. It could in no way aid the jury, and would but tend to confuse.

However, we are confronted with another proposition, which is determinative of the case. To entitle the plaintiff to recover, it was necessary to allege actionable negligence on the part of the defendant in error, and actual damages suffered by the plaintiff in error approximately caused by such negligence. Thus two issues were presented to the jury. The jury found the issues in favor of the defendant. By its verdict, we must understand that

208    OHIO APPELLATE REPORTS.

Ochsner, Admr., *v.* Cin. Trac. Co.    [16 Ohio

both issues were found in favor of the defendant. It is settled in this state that in a case where the issues are such that a finding on one issue in favor of a party entitles him to the judgment rendered, the judgment should not be reversed for error in the instructions to the jury relating exclusively to the other issue. *Butler* v. *Kneeland*, 23 Ohio St., 196; *Sites* v. *Haverstick*, 23 Ohio St., 626, and *McAllister* v. *Hartzell*, 60 Ohio St., 69, 95.

The jury having found on both issues in favor of the defendant, the fact that the court erred in its charge to the jury on the issue of the ascertainment of damages does not warrant a reversal of the case. We have found the verdict and judgment not against the weight of the evidence.

*Judgment affirmed.*

CUSHING and BUCHWALTER, JJ., concur.