## BUSCHELMANN v. THE CITY OF CINCINNATI.

*Error proceedings—Judgment affirmed if one issue properly submitted to jury—Although charge to jury erroneous as to another issue—Measure of damages.*

The issues in a case being such that the finding on any one of them in favor of the successful party entitles him to the judgment rendered, a reviewing court after a favorable finding on one of such issues will not reverse for error of the trial court in instructions to the jury relating exclusively to another of the issues.

(Decided June 4, 1923.)

ERROR: Court of Appeals for Hamilton county.

*Messrs. Hunt, Bennett & Utter,* for plaintiff in error.

*Mr. Saul Zielonka,* city solicitor, and *Mr. Frank K. Bowman,* assistant city solicitor, for defendant in error.

HAMILTON, J. The only question presented in this case is the complaint that the court erred in its charge to the jury on the measure of damages.

The action was in tort, and grew out of the destruction of a bridge on premises leased by plaintiff in error, which lease contained an option of purchase.

The act of negligence charged is the permitting of timbers and logs to get into the creek flowing through the premises, by reason of which, at a time of high water, the logs and debris were washed against the bridge, destroying it.

The defense was a denial of negligence, with the additional defense of *vis major*.

The case was submitted to the jury, which returned a general verdict in favor of the defendant, the city of Cincinnati.

There is no complete bill of exceptions presented. Only a partial bill is with the record, going to the question of the charge of the court on the measure of damages. In view of the general verdict in favor of the defendant on the issues involved, it is not necessary to discuss the charge of the court on the measure of damages. Were the charge on this question incorrect, it would not be sufficient to warrant a reversal. In the case of *Ochsner, Admr.,* v. *Cincinnati Traction Co.*, 16 Ohio App., 204, this court said, at page 207:

"To entitle the plaintiff to recover, it was necessary to allege actionable negligence on the part of the defendant in error, and actual damages suffered by the plaintiff in error proximately caused by such negligence. Thus two issues were presented to the jury. The jury found the issues in favor of the defendant. * * * It is settled in this state that in a case where the issues are such that a finding on one issue in favor of a party entitles him to the judgment rendered, the judgment should not be reversed for error in the instructions to the jury relating exclusively to the other issue." (Citing *Butler* v. *Kneeland,* 23 Ohio St., 196; *Sites* v. *Haverstick,* 23 Ohio St., 626, and *McAllister* v. *Hartzell,* 60 Ohio St., 69, 95.)

And the case was affirmed by the Supreme Court, 107 Ohio St., 33.

The jury having found on the issues in favor of the defendant, the fact that the court might have

erred in its charge to the jury on the measure of damages does not warrant a reversal of the case.

*Judgment affirmed.*

CUSHING and BUCHWALTER, JJ., concur.