THE FRANKLIN BOND & INVESTMENT CO. *v.* LONG.

*Mortgages—Waiver by mortgagee consenting to sale free of lien—Burden of proof—Verbal authority to sell mortgaged chattels—Review upon error proceedings—One issue properly submitted—Judgment not reversed for error in another issue.*

1. Where one issue upon which a verdict and judgment may rest is submitted free from prejudicial error the judgment will not be reversed because of error in the submission of another distinct issue.

2. A mortgagee by consenting to the sale of the mortgaged property free of the mortgage thereby waives his right to repudiate the sale and claim the property from an innocent purchaser.

3. Where a chattel mortgage contains a provision against sale by the mortgagor, the burden rests upon a party claiming verbal authority by the mortgagee to sell to prove such authority by clear and convincing evidence.

(Decided November 27, 1923.)

ERROR: Court of Appeals for Franklin county.

*Mr. Charles S. Druggan,* for plaintiff in error. *Messrs. Hamilton & Kennedy,* for defendant in error.

ALLREAD, J.   The original action was in replevin. The plaintiff below, who is plaintiff in error here, claims under a chattel mortgage duly filed for record. The defendant claims as purchaser from the mortgagor. The property involved in the replevin is an Oakland automobile, coupe model. The mortgagor is a dealer in automobiles, and sold the automobile involved in this contro-

versy in the ordinary course of business for full value.

The answer consists of several defenses, the first of which is a general denial. The second and third defenses were taken from the jury, and therefore need not be stated. The fourth and sixth defenses set up in different forms the fact that the mortgagee agreed, and permitted the mortgagor to sell the mortgaged property free of the mortgage, and that the defendant, without actual knowledge of the mortgage, purchased the automobile in good faith and for full value. The fifth defense set out a new agreement between the mortgagee and mortgagor whereby the original mortgage was released and new security taken for the indebtedness.

The cause was tried to a jury and resulted in a verdict for the defendant, including damages in the sum of $510.

The trial court eliminated the damages, overruled a motion for a new trial, and rendered judgment for the defendant.

The case is before this court on error.

The fifth defense, relating to the new agreement, was submitted to the jury under the evidence and charge of the court. There was sufficient evidence under this defense to justify the trial court in submitting it to the jury. While there is some conflict on this issue we think the question was one for the jury, and we find no prejudicial error either in the admission or rejection of evidence, or in the charge of the court upon this issue, and the verdict, therefore, may fairly rest upon this issue alone. The fact that the next day after the alleged new agreement the plaintiff through its coun-

sel tendered back the security to one of counsel for the receivers of the mortgagor is not conclusive. The real question is whether the new security was given by the mortgagor and accepted by the mortgagee.

There being no prejudicial error intervening upon this issue it is well settled by a long line of authorities in this state that a new trial should not be granted because of error intervening in the trial of other issues of fact. (*Ochsner* v. *Traction Company*, 107 Ohio St., 33; *Jones* v. *Erie Railroad Company*, 106 Ohio St., 408; *McAllister* v. *Hartzell*, 60 Ohio St., 69.) This view of the record necessarily requires affirmance of the judgment.

We deem it expedient, however, in view of the trial of other similar cases, to express an opinion as to some of the other questions involved in the case.

We are of the opinion that there was competent evidence tending to prove the oral agreement and consent for the sale of the mortgaged property. The evidence of Horace L. Taylor, Scott McQuigg, and others, tends to prove the agreement and understanding of M. L. Yuster, president of the plaintiff company, and C. F. Bookman, secretary, as to the sale of automobiles and the accounting to them of the proceeds thereof. This direct testimony was supplemented and corroborated by a course of dealing in harmony therewith. The testimony of Taylor and McQuigg was disputed. The case upon this issue was, therefore, one for the jury upon proper instructions.

The court charged the jury as follows:

"After a written instrument has been executed and until terminated, the presumption is that its

provisions continue in force as there written. The burden is upon one attacking it and claiming a modification of its provisions to overcome this presumption. Such is the ruling that you are to apply in determining whether there has been a waiver or modification of the conditions of a mortgage. It is not necessary that the agreement or consent to the sales be in writing. It may be made orally by an officer authorized to bind the company, such as the president presumably is; or it may be implied from the acts and conduct of the parties from the circumstances of the particular transaction, or from the general course of dealing of the parties. Such a consent, however, cannot be implied from equivocal conduct, or mere silence.''

We think this charge correctly states the law. There are other charges complained of in respect to the substantive law as to an oral consent by the mortgagee to a sale of the property. We do not, however, find any prejudicial error in that respect. None of these charges contains any statement as to the quantity of evidence to prove the defenses in respect to the agreement for sale. In a previous part of the charge it is stated:

''To sustain a defense or defenses, the general rule is that when a defense contains new matter the burden of proof rests upon the defendant, and he is required to prove such a defense by the preponderance or greater weight of the evidence as before defined.''

It must be kept in mind that there was a provision in the mortgage in question against the sale of the property by the mortgagor. There is, therefore, a presumption in favor of the mortgagee that he would not set aside or waive this provision,

and this presumption must stand unless overcome by clear and convincing evidence. *Ashley* v. *Henahan,* 56 Ohio St., 559, and *Expanded Metal Fire-Proofing Co.* v. *Noel Construction Co.,* 87 Ohio St., 428.

In respect to the charge of the court as to the quantity of evidence required to make out the defense of agreement to the sale, we think the trial court erred, but the error is not prejudicial for the reason that the verdict may stand upon the other issue.

It is claimed that the defendant does not plead waiver. However, the facts are stated in the fourth and sixth defenses and it is immaterial whether they are called a waiver or an agreement for the sale of the mortgaged property.

Counsel for the plaintiff contends that the evidence as to the course of dealing, and as to the alleged agreement showing permission of the mortgagee that the mortgagor sell and account for the proceeds, is not competent to overcome the expressed provisions of the mortgage. It is argued that the right of the mortgagee is absolutely and conclusively fixed by the mortgage, and that to permit his rights under the mortgage to be overthrown by oral testimony is contrary to public policy.

The case of *Metropolitan Securities Co.* v. *Orlow,* 107 Ohio St., 583, is cited. It is true that the *Orlow case* goes a long way toward establishing the conclusive right of the mortgagee, yet we think it does not reach the present case. In the *Orlow case* there was no consent or waiver of the provisions of the mortgage. The question there was upon a term of the mortgage requiring the mortgagor to keep the mortgaged property in repair at

his own expense. It was held that this provision did not amount to an agreement by the mortgagee to waive the terms of the mortgage or constitute the mortgagor his agent.

We think the law applicable to the case at bar was propounded in the case of *Freeman* v. *Rawson,* 5 Ohio St., 1. The decision is by Judge Ranney, and is concurred in by Judges Thurman, Hartley, Swan and Kennon. We quote from the syllabus:

"If the power of disposition appear upon the face of the mortgage, or is fairly to be inferred from its provisions, it is the duty of the court so to declare it, without submitting the matter to the jury as a question of fact.

"If it does not so appear, but is so understood or agreed by the parties at the time the mortgage is executed, it is equally void; and such understanding or agreement may be shown by parol evidence, and may be proved by the conduct of the parties in relation to the subject-matter of the mortgage and other circumstances, as in other cases."

The *Freeman case* is approved and followed in the case of *Harman* v. *Abbey,* 7 Ohio St., 218; *Kleine, Hegger & Co.* v. *Katzenberger & Co.,* 20 Ohio St., 110, and *Kelly* v. *Tracy & Avery Co.,* 71 Ohio St., 220, and the case of *Francisco* v. *Ryan,* 54 Ohio St., 307, is in harmony with the cases just cited.

We do not think the doctrine of these cases has been shaken by the recent case of *Metropolitan Securities Co.* v. *Orlow.*

It has been urged that the relaxation of the strict right of a mortgagee of chattels will make it difficult for one in business to obtain loans. It

must be kept in mind, however, that the decision here does not weaken the right of a mortgagee of chattels who stands strictly upon his mortgage. The decision here goes no further than to hold that in cases where the mortgagee himself waives his rights by consenting to the sale of the mortgaged property, he is bound thereby, and waives his right to repudiate the sale and claim the property in the hands of an innocent purchaser.

It is also urged that the rule adopted by our Supreme Court in merchandise cases, where small articles incapable of identification are involved, should not be extended to automobiles which are capable of description and identification. If the doctrine rested solely upon confusion of goods there might be merit in such claim, but the doctrine of the merchandise cases rests upon waiver by the mortgagee of his mortgage rights and consent to the sale. The principle therefore applies equally to all classes of chattel property.

Many cases from other states have been cited by the respective counsel. There is a conflict in the decisions, but we think the weight of the authority is in harmony with the view taken by this court. *Boice* v. *Finance & Guaranty Co.*, 127 Va., 563; 5 R. C. L., 436-437, 445; 24 R. C. L., 378; *In re Hallbauer*, 275 Fed., 126; *Indiana Investment & Securities Co.* v. *Whisman* (Ind.), 138 N. E., 512; *Colo. Motor Finance Co.* v. *Smith*, 72 Colo., 150; *Natl. City Bank of Rome* v. *Adams*, 30 Ga. App., 219, 117 S. E., 285, and *contra*, *Border Natl. Bank* v. *Coupland*, 240 Fed., 355.

*Judgment affirmed.*

KUNKLE and FERNEDING, JJ., concur.