## CUYAHOGA BAKING CO. v. TOMASOUSKAS, etc.

Ohio Appeals, 9th Dist., Summit Co.

No. 1305. Decided Nov. 16, 1927.

First Publication of this Opinion.

Syllabus by Editorial Staff.

465. ERROR—677. Judgments and Decrees.

Where there is general verdict and two or more issues in case, and finding of any one or more of them in favor of successful party entitles him to judgment rendered, and record does not disclose upon which issue jury based its verdict, reviewing court should not reverse for error, in instructing jury, relating exclusively to but one of such issues.

Error to Common Pleas.
Judgment affirmed.

Musser, Kimber & Huffman, Akron, for Baking Co.

W. J. Laub, Akron, for Tomasoukas, etc.

### STATEMENT OF FACTS.

This was an action on a promissory note. The defendant claimed that his signature to the note had been secured by fraud, and that the note had been given without consideration. The jury found for the defendant.

It is contended that the court erred in its charge to the jury in reference to the quantity of evidence necessary to sustain the defense that defendant's signature was obtained by false and fraudulent representations, the court having charged that the burden was upon the defendant to show this by a preponderance of the evidence. It is contended that, under the evidence, the court should have charged that the burden was upon the defendant to show the claimed representations by clear and convincing evidence.

### OPINION OF COURT.

The following is taken, verbatim, from the opinion.

FUNK, J.

Assuming that the evidence brings this case within the class of false and fraudulent representations, which require the complaining party to prove his claim by something more than a mere preponderance of the evidence and which is designated in the decisions as "clear and convincing" evidence, as set forth and distinguished in the case of Bates v. Firestone, 20 O. App. 51 pg. 66 to 71, and that the charge as to the amount of evidence was therefore erroneous, the question still remains as to whether or not the verdict should be reversed for such error, as the law requires us to go farther and ascertain whether or not the error is such as will allow a reversal; that is, is the error prejudicial when considered together with the record as a whole.

Considering this record as a whole, we are confronted with another rule, thoroughly established by a long line of decisions in this state, which is that where there is a general verdict and there are two or more issues in the case, and the finding on any one or both

of them in favor of the successful party entitled him to the judgment rendered, and there is nothing in the record to disclose upon which issue the jury based its verdict, a reviewing court should not reverse such finding for error in the trial court in instructing the jury relating exclusively to but one of such issues. Bond & Investment Co. v. Long, 18 O. App. 235; Buschelman v. Cincinnati, 18 O. App. 346; Jones v. Erie R. R. Co. 106 OS. 408; Ochsner v. Traction Co. 107 OS. 33; and other Ohio decisions cited in these cases.

Upon the trial, the defendant relied upon only two of his alleged defenses; first, that his signature was obtained by false and fraudulent representations; and second, that there was no consideration for the note. These are clearly separate and distinct defenses, upon either one or both of which the jury might have found for the defendant. There was a general verdict. There were no interrogatories with answers thereto to indicate upon which of the issues the jury found for defendant, and there is nothing in the record to disclose upon which issue the jury based its verdict.

We are therefore required, under the above rule, to hold that the verdict should not be reversed for the error complained of in the charge.

(Washburn, PJ., and Pardee, J., concur.)