NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 17-1426
_____

UNITED STATES OF AMERICA

v.

SANTOS CENTENO,
a/k/a Hector Cruz

Santos Centeno,
Appellant

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(E.D. Pa. No. 2-12-cr-00634-001)
District Judge:  Honorable Juan R. Sanchez

_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
December 12, 2017

Before:  RESTREPO, GREENBERG and FISHER, *Circuit Judges*.

(Filed: April 2, 2018 )
_____

OPINION[*]
_____

_____

  [*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7
does not constitute binding precedent.

FISHER, *Circuit Judge*.

Santos Centeno appeals his sentence, arguing that the District Court abused its discretion in its consideration of 18 U.S.C. § 3553(a) factors—specifically, by ignoring factors contained in the statute and considering factors outside it. We conclude that the District Court's sentence was procedurally sound and substantively reasonable, and we therefore affirm.

I.

Centeno participated in two violent assaults within one week against pedestrians walking in Philadelphia near the Independence National Historic Park. As a result of the first assault, the victim—a man who had approached Centeno and the group of men he was with to ask for help finding his car—suffered traumatic brain injury and required surgery to repair severe facial fractures and implant a metal plate in his face. He spent ten days in the hospital, weeks in rehabilitation, and months unable to work. As a result of the second assault—this time on a husband and wife leaving a restaurant after dinner— the husband suffered blows to the face, head and back. Centeno punched the wife in the face and then, attempting to steal her pocketbook, dragged her across the sidewalk. After being treated in the hospital, she needed orthodontic work and two root canals because of damage from Centeno's punch to her face.

In 2013, a jury convicted Centeno of aiding and abetting: assault resulting in serious bodily injury (18 U.S.C. § 113(a)(6)), assault by striking, beating, or wounding,

2

(18 U.S.C. § 113(a)(4)), and robbery (18 U.S.C. § 2111). At sentencing, the District Court applied the career offender enhancement and found that Centeno had a total offense level of 29 and a criminal history category of VI, resulting in a Guidelines range of 151–188 months. He was sentenced to 188 months of imprisonment, followed by three years of supervised release, restitution, a fine, and a special assessment cost. The District Court denied the Government's motion for an upward variance because, though it found the Government's argument compelling, it concluded that 188 months was sufficient. On appeal, this Court held that Centeno's convictions under 18 U.S.C. § 113(a)(4) and (a)(6) violated the Double Jeopardy Clause because (a)(4) (assault by striking) was a lesser included offense of (a)(6) (assault resulting in serious bodily injury).[1] This Court vacated Centeno's sentence on the lesser included offense and remanded for resentencing.[2]

Before the District Court resentenced Centeno, the Supreme Court decided *Johnson v. United States*.[3] Under *Johnson*, the parties agree that Centeno no longer qualifies as a career offender. Therefore, at his resentencing in 2017, the District Court determined that Centeno's total offense level was 25 and that he had a criminal history category of VI, resulting in a Guidelines range of 110–137 months. The District Court granted the Government's motion for an upward variance and again sentenced Centeno to a total term of imprisonment of 188 months, basing its variance on Centeno's criminal

---

[1] *United States v. Centeno*, 793 F.3d 378, 391–92 (3d Cir. 2015).
[2] *Id.* at 392.
[3] 135 S. Ct. 2552 (2015).

history, his apparent proclivity for violence, and the random and vicious nature of the attacks. Neither party made a contemporaneous objection to the sentence.

## II.

This Court has jurisdiction under 28 U.S.C. § 1291. Unpreserved claims of sentencing errors like Centeno's are reviewed for plain error.[4] Plain error "occurs when there is '(1) an error, (2) that is plain or obvious, and (3) that affects a defendant's substantial rights.'"[5] We review "all sentences—whether inside, just outside, or significantly outside the Guidelines range—under a deferential abuse-of-discretion standard."[6] We defer to the sentencing court "unless no reasonable sentencing court would have imposed the same sentence on that particular defendant for the reasons the district court provided."[7]

## III.

The only issue on appeal is whether the District Court's above-Guidelines sentence was procedurally sound and substantively reasonable. This issue incorporates the question of whether the District Court adequately considered the § 3553(a) factors in its decision.

---

[4] *Puckett v. United States*, 556 U.S. 129, 133, 134–35 (2009).
[5] *United States v. Wilson*, 880 F.3d 80, 88 (3d Cir. 2018) (alteration omitted) (quoting *United States v. Goodson*, 544 F.3d 529, 539 (3d Cir. 2008)).
[6] *Gall v. United States*, 552 U.S. 38, 41 (2007); *see United States v. Tomko*, 562 F.3d 558, 567 (3d Cir. 2009).
[7] *Tomko*, 562 F.3d at 568.

To determine if there was plain error, we proceed in two steps.[8] First, we examine whether the sentencing was free from procedural error, *i.e.*, whether the district court calculated the correct Guidelines range, ruled on motions for departure from the that range, and considered the sentencing factors outlined in 18 U.S.C. § 3553(a).[9] If there is no procedural error, we then review the sentence for substantive reasonableness.[10]

The District Court here committed no procedural error. It correctly calculated the Guidelines range, gave both parties the opportunity to argue, and granted the Government's motion for an upward variance. The court did not base the sentence on clearly erroneous facts; it considered the § 3553(a) factors and adequately explained its chosen sentence and its decision to exceed the Guidelines range.[11]

Centeno's argument that the District Court relied on inappropriate factors and did not adequately consider § 3553(a) factors fails. The District Court did not err in considering the random and violent nature of the attacks, the severity of the victims' injuries, or the fact that Centeno's criminal history surpassed the maximum criminal history accounted for by the Guidelines. Each of these considerations is grounded in the § 3553(a) factors, namely "the nature and circumstances of the offense and the history and characteristics of the defendant," and "the need . . . to reflect the seriousness of the

---

[8] *Tomko*, 562 F.3d at 567–68.
[9] *See United States v. Gunter*, 462 F.3d 237, 247 (3d Cir. 2006).
[10] *United States v. Azcona-Polanco*, 865 F.3d 148, 152 (3d Cir. 2017).
[11] *See Gall,* 552 U.S. at 51.

5

offense . . . [and] to protect the public from further crimes of the defendant."[12] The court made "an individualized assessment based on the facts presented."[13] Deciding to impose a sentence outside of the Guidelines, the court "consider[ed] the extent of the deviation and ensure[d] that the justification [was] sufficiently compelling to support the degree of the variance."[14] Because the District Court appropriately considered these items under the § 3553(a) factors, it committed no procedural error.

Having determined that there was no procedural error, we turn to the substantive reasonableness of the sentence, considering the totality of the circumstances.[15] In doing so, we "must give due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance."[16] Centeno argues that the court's sentence was not substantively reasonable because it did not consider the need to avoid unwarranted sentencing disparities among defendants with similar records who have been found guilty of similar conduct, as required by § 3553(a)(6). We first note that "[s]ince the District Judge correctly calculated and carefully reviewed the Guidelines range, he necessarily gave significant weight and consideration to the need to avoid unwarranted disparities."[17] The court also made clear that it was imposing a sentence outside of the

---

[12] 18 U.S.C. § 3553(a)(1)–(2).
[13] *Gall*, 552 U.S. at 50.
[14] *Id.*
[15] *Id.* at 51; *Tomko*, 562 F.3d at 567.
[16] *Gall,* 552 U.S. at 51.
[17] *Id*. at 54.

Guidelines because of the "unique things about this case,"[18] particularly the extreme randomness, the cruelty of the conduct, the significant harm caused (beyond the threshold of serious bodily injury), and Centeno's extensive criminal history. These unique elements distinguish him from "defendants with similar records who have been found guilty of similar conduct"[19] and further indicate that the judge appropriately considered the need to avoid unwarranted sentencing disparities. Centeno's conduct and history provided sufficient reason to conclude that a disparate sentence was warranted.

The sentence was substantively reasonable because the District Court did more than recite the factors; "it detailed, step-by-step, its individualized assessment of the sentence that it believed appropriate in this particular case," and provided reasons that were logical and consistent with the factors.[20] The District Court did not commit plain error.

## IV.

For the reasons set forth above, we will affirm Centeno's sentence.

---

[18] App. 238.
[19] 18 U.S.C. § 3553(a)(6).
[20] *Tomko*, 562 F.3d at 571.